DON G. MERRYMAN and RALPH HILL v. SOUTHERN TOURS, INC.

162 So. 897.
Division A.
Opinion Filed July 23, 1935.
Petition for Rehearing Denied September 2, 1935.

B. M. *Skelton,* for Appellants;
Erle B. *Askew,* for Appellee.

DAVIS, J.—In this case a bill for injunction was filed by Southern Tours, Inc., an auto transportation company duly certificated as such under Chapter 13700, Acts 1929, as revised and re-enacted by Chapter 14764, Acts 1931, Laws of Florida, the object of the bill being to temporarily and permanently enjoin and restrain appellants, Merryman and

Hill, together with one Allen and one Cliche, their agents, servants and associates, from holding themselves out as a certificated auto transportation company, or operators of motor vehicles for hire, and to forbid their operation of automobiles for hire over certain routes described in the bill of complaint. The Circuit Court, acting under authority of the special jurisdiction conferred upon it by Section 25 of Chapter 14764, aforesaid, granted a temporary injunction as prayed for, and two of the defendants below, Merryman and Hill, have appealed from that order.

The terms of the temporary injunction so granted against appellants are in substance as follows: "that the defendants, Don G. Merryman and Ralph Hill, be, and both and each of them are, hereby restrained and enjoined from holding themselves out to the public as an auto transportation company engaged in the sightseeing business by the use of automobiles over the public highways of the State of Florida, and said defendants are enjoined from soliciting business to be carried on over the highways of the State of Florida by the use of motor vehicles to Miami, Palm Beach and the East Coast; to Bok Tower, to Sarasota, Ringling Art Museum and Winter Quarters of Ringling Circus; and said defendants are enjoined from advertising. that they are engaged in a sightseeing business to be carried on over the highways of the State of Florida to Miami, Palm Beach and the East Coast; to Bok Tower; to Sarasota, Ringling Art Museum and Winter Quarters of Ringling Circus, by the use of motor vehicles; and said defendants are enjoined from carrying on a sightseeing business over the public highways of the State of Florida by the use of motor vehicles to Miami, Palm Beach and the East Coast; to Bok Tower; to Sarasota, Ringling Art Museum and Winter Quarters of Ringling Circus; and

said defendants are enjoined from operating automobiles, either individually or by and through their servants, agents, and employees, over the public highways of the State of Florida, in carrying on a sightseeing business to Miami, Palm Beach and the East Coast; to Bok Tower, to Sarasota, Ringling Art Museum and Winter Quarters of Ringling Circus; and said defendants are enjoined from carrying on an auto transportation business without complying with the Statutes of Florida and the Rules and Regulations of the Railroad Commission of Florida in such cases made and provided."

While Section 25 of Chapter 14764, Acts 1931, constitutes ample authority to sustain the jurisdiction of the Circuit Court to grant an injunction, either temporary or perpetual, in a case like this, and there is nothing to suggest that the statute in this particular is invalid with respect to its authorization to private litigants to use the injunctive power of courts of chancery as a means of enforcing general compliance with a State statute, whether at the instance of a State officer, common informer, private citizen suing in the State's name, or otherwise (Riley v. Lawson, 106 Fla. 521, 143 Sou. Rep. 619; Littleton v. Fritz, 65 Iowa 488, 22 N. W. Rep. 641, 54 Am. Rep. 19; Davis v. Auld, 96 Me. 559, 53 Atl. Rep. 118; *Ex Parte* Allison, 99 Tex. 455, 90 S. W. Rep. 870, 2 L. R. A. [N. S.] 1111; Pompano Horse Club v. State, 93 Fla. 415, 111 Sou. Rep. 801, 52 A. L. R. 51), there is nothing in Section 25 of Chapter 14764, Acts 1931, *supra,* which sustain the award, without bond, of an injunction or restraining order temporary in character, except on the express conditions for injunctions without bond as prescribed by statute therefor. See: Section 4969 C. G. L., 3177 R. G. S., for such conditions.

A temporary injunction or restraining order should not

be awarded without requiring the filing of an indemnity bond, unless it has been satisfactorily made to appear, in compliance with the requirements of the aforesaid section of the statutes, that an exception for not requiring such bond exists. Drew Lumber Co. v. Union Inv. Co., 66 Fla. 382, 63 Sou. Rep. 836; Stockton v. Harmon, 32 Fla. 312, 13 Sou. Rep. 833; Gillespie v. Chapline, 59 Fla. 500, 52 Sou. Rep. 722; Armstrong v. Donahue Florida Chancery Jurisprudence, 552. We hold that the foregoing requirements as to injunction indemnity bonds applies to all temporary restraining orders and injunctions applied for under Section 25 of Chapter 14764, Acts 1931, where the party praying for same is complainant other than the Railroad Commission itself, or an authorized public officer suing solely on the responsibility of his official oath of office and in the protection of the public interest alone. This is so, despite the fact that a private citizen or taxpayer of the State is authorized to maintain a suit for injunction under this section without showing any other right, title or interest to the relief than his status as such because the statute itself in terms names the Railroad Commission as the normal enforcement authority for carrying out the terms and conditions of Chapter 14764, *supra*. See Sections 7 and 9 of the Act.

The conclusion reached on the point just stated makes it unnecessary to pass upon the propriety of granting a permanent injunction on the facts and circumstances appearing in the record, the appeal here being confined to the alleged error of the court in granting a temporary injunction in the premises which is ordinarily a matter within the sound discretion of the court where a *prima facie* case is alleged in the bill of complaint and it is substantially supported at the hearing for temporary injunction by proof of

what is alleged in the bill as a basis for the injunctive relief prayed.

The bill of complaint in the present case had not, at the time of entering this appeal, been answered by any form of defensive pleading directed to it. But it is not inappropriate to here observe that in the opinion of this Court said bill of complaint on its face states a good cause for the relief sought, inasmuch as it makes the direct and unequivocal charge that the defendants therein named were engaged in violating the terms of Chapter 14764, Acts 1931, by doing a form of unlicensed transportation service not authorized by that Act. Whether or not the defendants are in fact, as charged, actually doing such an unauthorized transportation service which in law renders them liable to be dealt with as an uncertificated auto transportation company, is a question of fact to be decided by the Chancellor at final hearing, either upon admissions in the pleadings or upon full proof of the underlying facts.

Reversed for appropriate proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and BUFORD, J., concur in the opinion and judgment.

ON PETITION FOR REHEARING.

PER CURIAM.—The fact that the interlocutory injunction reversed for want of injunction bond in this case, was granted by the Chancellor only after due notice and after full hearing on the interlocutory injunction application, was not overlooked by the Court, as is suggested by the appellee's petition for a rehearing.

The granting of temporary restraining orders and interlocutory injunctions, even after notice and hearing, is still

a drastic remedy and not final in character. While there are no doubt circumstances under which the court is warranted in granting an interlocutory injunction without bond, after due notice and full hearing of the application for such relief, the power to do so should never be exercised absent a specific showing of some good and sufficient cause why security for the protection of the enjoined defendant should not be exacted in accordance with the prevailing equity practice existing in this State for many years, of so doing. The absence of a special statute requiring injunction bonds in *all* cases, affords no occasion *per se* for a departure from the requirement in cases like this where by injunction the complainant seeks to destroy for the period of the injunction's duration, valuable rights being claimed by the defendant contrary to the alleged equity of complainant's adverse pleading.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.