PER CURIAM.
Complaint was filed by the Florida State Board of Dental Examiners against Martin Beckerman, charging him with the unauthorized practice of dentistry in violation of F.S. Ch. 466, F.S.A.
Motion to dismiss the complaint based on the contention that F.S. § 466.29, F.S.A., is unconstitutional as a violation of the constitutional inhibition against bills of attainder under Section 16 of the Declaration of Rights of the Constitution of the State of Florida F.S.A. was interposed. In denying the motion the circuit court upheld the constitutionality of F.S. § 466.29, F.S.A. This appeal is from the order denying the motion to dismiss. Our jurisdiction is properly invoked by the appeal pursuant to Section 4(2), Article V of the State Constitution, F.S.A., since the constitutionality of § 466.29 is raised.
We find that the contention of the Appellant cannot be sustained. Our study of F.S. § 466.29, F.S.A., shows it to be permissive with the circuit court as to whether an injunction should be granted or denied. The following language from said statute is illustrative of this fact:
“ * * * When it appears to the board that any person is practicing dentistry or dental hygiene in this state without a license * * * the board may, upon application to the proper court, be granted a temporary injunction directed to such person, * * (Emphasis supplied.)
Neither does the language of the statute make it mandatorily incumbent upon the chancellor to issue a permanent injunction.
In order to invoke the injunction power of the court the Board must establish a prima facie case by sufficient pleading and proof showing that the person complained against has been practicing dentistry or dental hygience in the state without a license. This appears to have been *537 shown in the instant case. In reaching a decision whether to grant an injunction, the chancellor is free, under the applicable statute, as in any equity case, to accept or reject the showing presented. The permissive nature of the statute requires this interpretation. It follows that the statute including the provision for the filing of a copy of the records of the Board indicating that the person charged is not a licensee under Ch. 466 is not an automatic statutory bill of attainder because due proofs and a hearing on the issue of unlawful practice of dentistry are a necessary condition precedent to issuance of any injunction, temporary or permanent, and the question of its issuance lies within the sound discretion of the circuit court.
The order of the court below is affirmed.
THORNAL, C. J., THOMAS, ROBERTS, O’CONNELL, CALDWELL and ERVIN, JJ., and WARREN, Circuit Judge, concur.