PER CURIAM.
The appellants are members of the Lum-idor Manufacturing Creditors’ Committee. They are the defendants in an action brought by the corporate appellees. The appellees’ complaint alleged that the Creditors’ Committee had been negligent in the accomplishment of its duties under an agreement between Lumidor Manufacturing and the Creditors’ Committee. Lumi-dor Industries had joined in this agreement as a debtor of Lumidor Manufacturing.
A hearing was held upon appellees motion for a temporary injunction. The trial court issued a temporary injunction, without requiring bond, enjoining the Creditors’ Committee from paying or disbursing any funds in its possession.[1] This interlocutory appeal followed.
The temporary injunction should not have been issued without requiring the plaintiffs to post a bond pursuant to Rule 1.610(b), R.C.P., 31 F.S.A. See Metropolitan Dade County v. Polk Pools, Inc., Fla.App.1960, 124 So.2d 737. Appellees have advanced no sufficient reason here, or in the trial court, as a ground for the court to dispense with bond.
The injunctive order was entered January 26, 1972. The sole basis upon which the injunction was sought was the alleged failure of the appellant Creditors’ Committee to furnish the appellees with a current accounting of its collections and disbursements. The trial court has retained jurisdiction during this appeal[2] and has either required or could have required under the rules for discovery the production of information about the collections and disbursements. The basis for the temporary injunction was insufficient as a matter of law. See Dade Enterprises, Inc. v. Wometco Theatres, Inc., 119 Fla. 70, 160 So. 209 (1935).
Reversed.

. * * * * *
“ORDERED AND ADJUDGED that Defendants he and the same are hereby enjoined until further Order of this Court from expending, paying or disbursing any funds or monies in its possession or control or in trust with any of said Defendants.
“Nothing herein shall be construed to alter, change, release or amend any obligation of any parties hereto from any obligation heretofore existing other than payment of any obligation which has herewith been enjoined.”
*****

. See Rule 5.1, F.A.R., 32 F.S.A.