330 So.2d 501 (1976)
CITY NATIONAL BANK OF MIAMI, a National Banking Association, Appellant,
v.
SOMERSET DEVELOPMENT CORPORATION OF AMERICA, a Florida Corporation, et al., Appellees.
No. 76-2.
District Court of Appeal of Florida, Fourth District.
April 15, 1976.
Rehearing Denied May 11, 1976.
*502 Joel D. Kopelman, of Abrams, Anton, Robbins, Resnick & Schneider, Hollywood, for appellant.
Sanford N. Reinhard, of Zinn & Reinhard, Miami, for appellee Somerset Development Corp. of America.
PER CURIAM.
Plaintiff brings this interlocutory appeal from an order in a mortgage foreclosure suit which enjoined and restrained plaintiff:
"from conducting any sale, public or private, of the $2,000,000.00 note as described in the defendant's motion and specifically restrained and enjoined from conducting the sale which it proposed to hold on December 10, 1975, at 10:30 o'clock a.m., ...
"This restraining order and order enjoining the sale of said $2,000,000.00 note, shall continue in full force and effect until further Order of this Court."
We reverse on account of the following:
1. The order violated F.R.C.P. 1.610(b), in that:
A. It was entered without a verified pleading, affidavits, or sworn testimony. Tampa Port Authority v. Deen, 179 So.2d 416 (Fla.App. 2nd 1965).
B. No bond was required and there was no showing that defendant was unable to give bond, Leopold v. Richard Bertram & Co., 265 So.2d 710 (Fla.App. 3rd 1972); Carmel v. Lumidor Industries, Inc., 262 So.2d 911 (Fla.App. 3rd 1972).
2. There was no showing that defendant would suffer irreparable injury or that money damages would not be a sufficient remedy, First National Bank in St. Petersburg v. Ferris, 156 So.2d 421 (Fla.App. 2nd 1963); Fla. Stat. 679.507(1) (1975).
3. Plaintiff was deprived of its rights under Fla. Stat. 679.504 without good or legal cause.
REVERSED.
WALDEN, C.J., and CROSS and DOWNEY, JJ., concur.