368 So.2d 930 (1979)
HIALEAH, INC., and Hialeah Park, Inc., Intertrack Transportation, Inc., and Gulfstream Park Racing Association, Inc., a Florida Corporation, Appellants,
v.
B & G HORSE TRANSPORTATION, INC., a Florida Corporation, Appellee.
No. 78-2144.
District Court of Appeal of Florida, Third District.
March 9, 1979.
Rehearing Denied April 9, 1979.
*931 Abrams, Anton, Robbins, Resnick, Schneider & Mager and David S. Romanik, Hollywood, Adams & Ward and Robert C. Ward, Miami, for appellants.
Milledge & Hermelee and James D. Whisenand, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PER CURIAM.
This is an interlocutory appeal from a temporary injunction entered by the circuit court pursuant to the authority of Section 323.24, Florida Statutes (1977), which provides that an injunction may be entered against any motor carrier that operates upon the highways of this state without first having obtained a certificate, permit or license from the Florida Public Service Commission. We think the determinative issue is whether the trial court in this case correctly found that it had jurisdiction where the complaint does not allege actual operation but rather an intended and planned operation which is not denied by the defendants.
B & G Horse Transportation, Inc., the plaintiff-appellee, has certificate No. L-62 from the Florida Public Service Commission, which was issued in accord with Section 323.03, Florida Statutes (1977). The intertrack[1] transportation service provided by plaintiff B & G, pursuant to authority granted by the Florida Public Service Commission, consists of transporting race horses between Hialeah, Gulfstream and Tropical Park [actually Calder] race tracks, all of which were defendants below.
Defendants Hialeah, Gulfstream and Tropical Park race tracks organized Intertrack for the purpose of providing an intertrack transportation service. Intertrack will transport race horses only to and from Gulfstream and Hialeah. The defendants have stated that their operating expenses will be substantially reduced. All expenses associated with Intertrack will be equally divided between Gulfstream and Hialeah race tracks.
It is disputed whether the appellants (Intertrack Transportation, Inc.; Gulfstream Park Racing Association, Inc.; Hialeah, Inc.; and Hialeah Park, Inc.) formally applied to the Florida Public Service Commission for a certificate of public convenience and necessity. Some type of inquiry was made by the defendants to the Commission because, on July 13, 1978, a staff counsel wrote a letter to an attorney for Hialeah, Inc., in which it was stated: "It is our opinion that if your client conducts transportation under the circumstances described above, it does not need a certificate of public convenience and necessity from this Commission.[2]"
*932 B & G filed a complaint on October 20, 1978, against the appellants and Tropical Park, Inc. The complaint contained a prayer for a "... temporary injunction enjoining the Defendants... pending the final hearing and determination of this section, from providing intra-track transportation services without certifications or approval from the Florida Public Service Commission."
A hearing on B & G's Motion for Temporary Injunction was held on October 27, 1978. At the hearing, the defendants filed motions to dismiss and to strike. A temporary injunction was issued on October 30, 1978, enjoining the defendants as follows:
"The defendants, Intertrack Transportation, Inc., Hialeah Park, Inc., Hialeah, Inc., Gulfstream Park Racing Association, Inc., and Tropical Park, Inc., their agents, employees, attorneys and all other persons in active concert and participation with them are enjoined and restrained from transporting race horses on or between race courses they own, lease, manage or operate unless a certificate of public convenience and necessity is obtained pursuant to § 323.03, Florida Statutes, or unless, pursuant to § 323.23(12) [323], Florida Statutes, both the point of origin and the point of destination are within the corporate limits of the same city or town."
B & G was required to, and did, post a $50,000.00 bond prior to noon, November 2, 1978. On November 16, 1978, the defendants filed a notice of appeal of the non-final injunctive order.[3]
In the case at bar, the trial court issued the temporary injunction upon a finding that plaintiff had met the requirements of Florida Rule of Civil Procedure 1.610, and Section 323.24, Florida Statutes (1977). Section 323.24 provides:
* * * * * *
"Any motor carrier which operates upon the highways of this state or any transportation broker who operates within this state, without first having obtained from the Public Service Commission a certificate, a permit, or a license as prescribed by this part, or who so operates after such certificate, permit, or license is cancelled, or who violates any of the provisions of this part, or any order, decision, rule or regulation, direction, demand or requirement, of the commission in relation thereto or any part or provision thereof, may be enjoined by the courts of this state, from any such violation or such *933 unlawful or unauthorized operation within this state, at the instance of the commission or any citizen or taxpayer of this state. Provided further, that in said injunction proceedings the court may order and require such motor carrier to render an account showing the amount of road taxes which it should have paid the state for the operations sought to be enjoined, and the courts shall have power and jurisdiction to enter appropriate judgment to enforce or compel the payment of any road taxes found to be due, including the entry of a money judgment for the amount of such taxes."
A reading of Section 323.24 evidences that the statute provides the circuit court with jurisdiction to enjoin the operation of a vehicle without a certificate of convenience or from any violation of Chapter 323. The statute does not provide the circuit court with jurisdiction to enjoin motor carriers from preparing to operate or from doing anything short of operating a vehicle in violation of Chapter 323, Florida Statutes (1977). This reading of the statute is supported by the well-recognized proposition that:
"Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resort to the rules on statutory interpretation... . Where the words used, and the grammatical construction employed, are clear the legislature is presumed to have meant what it said. That is, when the terms and provisions of the statute are plain, there is no room for judicial or administrative interpretation." Leigh v. State ex rel. Kirkpatrick, 298 So.2d 215 (Fla. 1st DCA 1974).
Further, a court may not invoke a limitation or add words to a statute not placed there by the legislature. Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209, 215 (Fla. 1974). Section 323.24, Florida Statutes (1977), clearly and unambiguously limits the jurisdiction of the circuit court to issue injunctions to the restraining of motor carriers who are, in fact, operating vehicles in violation of Chapter 323. Construing Section 323.24 to provide jurisdiction for the enjoining of persons who intend to or are preparing to operate a vehicle in violation of Chapter 323, requires the court to extend the meaning of the section beyond that intended by the legislature, and requires the addition of words to the section.
A circuit court is authorized to issue an injunction pursuant to Section 323.24, Florida Statutes (1977), only if the plaintiff alleges that a motor carrier is, in fact, operating a vehicle in violation of Chapter 323. See Merryman v. Southern Tours, Inc., 120 Fla. 440, 162 So. 897, 899 (1935); and cf. Beckerman v. Finley, 183 So.2d 535, 536 (Fla. 1966), holding that Section 466.29 of the Florida Statutes gives the circuit court power to enjoin the practice of dentistry in Florida without a license, and in order to invoke the injunction power of the court, the board must establish a prima facie case that the person claimed against has been practicing dentistry in the state without a license. The plaintiff has not alleged that the defendants are operating vehicles in violation of Section 323.24 and the trial court did not find that defendants had so acted. In fact, the allegations in the complaint negate any operation. Plaintiff specifically alleged that "on information and belief," the defendants have agreed to provide intertrack transportation services.
Because the plaintiff could not proceed under Section 323.24, Florida Statutes (1977), it was required to show that it would suffer irreparable injury if the temporary injunction was not issued. See Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 885 (Fla. 1972). General allegations of irreparable harm are insufficient to state a claim for the issuance of a temporary injunction; the complaint must allege facts which disclose that irreparable injury can reasonably be inferred. The complaint fails to meet this pleading requirement.
The plaintiff further failed to establish that it would, in fact, suffer irreparable injury if the injunction was not issued. Finally, because the trial court improperly proceeded under Section 323.24, Florida *934 Statutes (1977), the plaintiff was not required to establish irreparable injury and, therefore, there could not have been a determination that the plaintiff would suffer irreparable injury. The issuance of the temporary injunction pursuant to Section 323.24 thus constituted reversible error.
Large portions of the briefs filed on this appeal deal with the defendants' claim that the circuit court should not enter an injunction or entertain a complaint for declaratory judgment because the Florida Public Service Commission had previously acquired jurisdiction over the matter. It is not necessary for us to decide this question, and we do not do so. Nevertheless, because we do not direct the dismissal of the complaint, we hold that the trial court has jurisdiction to proceed to factual determinations in the controversy. Cf. Merryman v. Southern Tours, Inc., 120 Fla. 440, 162 So. 897 (1935).
The procedural points urged for reversal need not be considered, and we hold that no error has been shown under the defendants' point directed to the amount of the bond. See the principle of law in International Brotherhood, etc. v. Miami Retail Grocers, Inc., 76 So.2d 491 (Fla. 1954).
Accordingly, the temporary injunction appealed is reversed.
Reversed.
NOTES
[1] We will use the word "intertrack" throughout this opinion, inasmuch as we understand this word to signify "between" or "among" tracks, instead of using the word "intra-track," which signifies "within" a track and which we believe has been misapplied by certain of the parties.
[2] * * * * *
"Re: Undocketed  Application of Hialeah, Inc. for a permit to transport horses and grooms between Calder and Gulfstream race tracks to Hialeah race track.
"Dear Mr. Ward:
"This letter is a confirmation of our telephone conversation of yesterday. I indicated that we are returning Hialeah's for-hire permit application per our earlier letter in which we indicated that since July 1977 we no longer issued for-hire permits as the Legislature changed F.S. 323.05. The present permit statute, 323.05, F.S., does not apply to the type of transportation in which your client plans to engage. I am requesting the clerk to have the Comptroller issue a check for a refund of the $100 filing fee. It usually takes two to three weeks for the checks to be issued, at which time it will be forwarded to you.
"You also asked our opinion as to whether your client needs a certificate of public convenience and necessity pursuant to F.S. 323.03. You indicated that Hialeah, Inc. plans to transport horses and grooms between the Calder and Gulfstream race tracks to and from Hialeah race track and that Hialeah, Inc. would not charge any compensation, as defined in § 323.01(10), F.S., for those services. F.S. 323.01(10) says, in part:
(10) `For compensation' as used in these definitions and in this part means a return in money or in property or in anything of value for service in transporting persons or property by motor vehicles over public highways, whether paid, received or realized, directly or indirectly, ...
"It is our opinion that if your client conducts transportation under the circumstances described above, it does not need a certificate of public convenience and necessity from this Commission."
* * * * * *
[3] The present appellants filed a petition for prohibition in this court, which was denied without opinion. See Intertrack Transportation, Inc. v. Rivkind, Fla.App., 366 So.2d 900, order of dismissal filed January 9, 1979. The basis for the petition was:

* * * * * *
"The doctrines of First Assumption of Jurisdiction, Choice and Election of Remedies, and Exhaustion of Administrative Remedies precluded the trial court from entertaining B & G's Complaint, and effectively divested the trial court of any jurisdiction, including the jurisdiction to enter or enforce a temporary injunction."