PER CURIAM.
Defendant-appellant, Josephine Silver-man, appeals the entry of a temporary restraining order enjoining her from secreting or dissipating any estate assets in her possession or control.
Plaintiff-appellee, Wally Blaustein, as personal representative of the estate of her husband, Max Blaustein, deceased, filed the instant suit for damages and equitable relief against Josephine Silverman. In her complaint Blaustein alleged that her late husband had given Silverman a general power of attorney to allow her to withdraw sufficient funds for his care during his lifetime. Blaustein further alleged that Silver-man wrongfully converted and secreted her husband’s funds in her own personal bank account. In addition to damages and other equitable relief, Blaustein also sought the issuance of a temporary restraining order enjoining Silverman from dissipating the funds. After hearing the chancellor issued a temporary restraining order enjoining Sil-verman from secreting or dissipating any assets in her possession or under her control which belong to the estate of Max Blau-stein, deceased.
After a review of the record we find no abuse of discretion on the part of the chancellor in the entry of the temporary restraining order. See United States Fire Insurance Company v. Brown, 185 So.2d 11 (Fla. 3d DCA 1966). Nevertheless, we agree with Silverman that the chancellor erred in issuing a temporary restraining order without requiring that Blaustein post a bond or in the alternative determining she is unable to give bond as required by Fla.R. Civ.P. 1.610(b). This error must be corrected. We affirm the restraining order but remand the cause to the chancellor with directions to determine whether Blaustein is financially able to post bond and, if so, to set the amount of such bond. See e. g. Lewis v. Lewis, 66 So.2d 260 (Fla.1953); McGovern v. Amira, 328 So.2d 862 (Fla. 4th DCA 1976).
It is so ordered.