BERANEK, JOHN R., Associate Judge.
This is an interlocutory appeal by defendant from an order granting a temporary injunction. The temporary injunction was entered on the oral application of plaintiff’s counsel. The trial court granted the injunction ex parte and without requiring a bond. This order is in direct contravention of *1336 Florida Rules of Civil Procedure Rule 1.610 which provides:
(a) Issuance. No injunction shall be granted until a complaint therefor is filed.
(b) Temporary Injunction; Notice; Bond. No temporary injunction shall be granted except after notice to the adverse party unless it is manifest from the allegations of a verified complaint or supporting affidavits that the injury will be done if an immediate remedy is not afforded and in such event the court may grant a temporary injunction until a hearing or further order of court. When a temporary injunction is granted, the court shall require the party obtaining it to give bond conditioned for the payment of such costs and damages as may be incurred or suffered by any party who is wrongfully enjoined unless the court, after taking evidence from all parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, finds such to be true, in which event a temporary injunction without bond may be granted. When any injunction is issued on the complaint of a municipality or the State or any officer, agency or political subdivision thereof, the Court, in its discretion having due regard to the public interest, may require or dispense with the requirement of a bond, with or without surety, and conditioned as the circumstances may require.
The trial court’s injunction related to the sale of certain property by the defendant which plaintiff’s counsel anticipated was imminent. No written complaint was filed requesting such relief and appellant was provided with no notice. No bond was required and the order does not appear to have been entered based on a verified pleading, an affidavit, or sworn testimony. The order was in error and is therefore reversed. Lieberman v. Marshall, 236 So.2d 120 (Fla.1970), and City National Bank of Miami v. Somerset Development Corporation of America, 330 So.2d 501 (Fla. 4th DCA 1976). The injunction below is vacated and the case remanded for further proceedings.
DAUKSCH, C. J., and HURLEY, DANIEL T. K., Associate Judge, concur.