383 So.2d 1173 (1980)
Melvin T. GOLDBERGER, Etc. et al., Appellants,
v.
REGENCY HIGHLAND CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 78-2340.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
*1174 Michael T. Greif of Baskin & Sears, Boca Raton, for appellants.
Lawrence J. Marchbanks of Reynolds & Marchbanks, Boca Raton, for appellee.
HURLEY, Judge.
This interlocutory appeal, brought pursuant to Rule 9.130(a)(3)(B), questions the issuance of a temporary mandatory injunction without bond. For the reasons stated below, we reverse.
Plaintiff/appellee is a condominium association which, among other things, contests the developer/appellant's entitlement to certain monies. The parties initially agreed to place the contested funds in an interest-bearing escrow account pending the outcome of the litigation.[1] Subsequently, however, plaintiff decided to seek a temporary mandatory injunction to require the transfer of all funds on account and all future monies to the plaintiff. Though the pleadings did not so request, the mandatory injunction was issued without bond.
Our analysis starts with a review of the basic principles governing mandatory injunctions. In First National Bank in St. Petersburg v. Ferris, 156 So.2d 421, 423 (Fla. 2d DCA 1963) the court said:
The writ of injunction is an extraordinary remedy, harsh and drastic, particularly in its mandatory form, where equity goes beyond mere restraint and commands that acts be done or undone. Such injunctions are looked upon with disfavor by the courts and are granted but sparingly and cautiously....
Basic to jurisdiction in equity is the rule that there must be a lack of an adequate remedy at law, and injunctive relief will not lie unless irreparable injury will result otherwise... . The injury must be of a peculiar nature, so that compensation in money cannot atone for it; or, as the rule has been otherwise stated, it must be of such a nature that it cannot be redressed in a court of law.
... Thus, generally, equity will not injunctively command return of personal property unless it is of peculiar value and character and unless its loss or retention by one not entitled to it cannot be fully compensated in damages. (Citations omitted.)
Addressing the issue of irreparable injury, the president of the condominium association offered his "guesstimate" that the association's inability to have immediate access to the contested funds would result *1175 in a budgetary shortfall which, in turn, would necessitate a special assessment. Accepting this as true, it does not measure up to irreparable injury for it is not the type of harm which is so peculiar "that compensation in money cannot atone for it." Ibid. Moreover, there was no testimony at the hearing that the association's membership would be unable to satisfy a special assessment or that other dire consequences would attend its imposition. On the contrary, there was evidence that such assessments had been levied in the past; implicit is the inference that these assessments had been paid.
We also note that plaintiff failed to offer any testimony to substantiate the allegations of irreparable injury in its complaint, viz., that the deprivation of funds would cause the membership to be "... exposed to clouds upon their title and lien rights of plaintiff ASSOCIATION for the unpaid maintenance assessments and fees." Presumably, this refers to the placement of liens against those units whose owners either might be unwilling or unable to satisfy a special assessment. So contingent and highly conjectural is this proposed injury that it falls well beyond the bounds of that which may be considered in issuing an injunction. Our own court stated the rule in City of Coral Springs v. Florida National Properties, 340 So.2d 1271, 1272 (Fla. 4th DCA 1976), when it said:
To be the subject of an injunction, a prospective injury must be more than a remote possibility; it must be so imminent and probable as reasonably to demand preventive action by the court.
We believe the foregoing to be dispositive of the case, but we briefly comment on one additional aspect: the issuance of the injunction without bond. Rule 1.610(b) Fla.R.Civ.P., states in part:
When a temporary injunction is granted, the court shall require the party obtaining it to give bond conditioned for the payment of such costs and damages as may be incurred or suffered by any party who is wrongfully enjoined unless the court, after taking evidence from all parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, finds such to be true, in which event a temporary injunction without bond may be granted.
As indicated above, plaintiff's complaint did not request an injunction without bond. Furthermore, there was neither proof nor a judicial finding that plaintiff was unable to give a bond. Absent such request, proof and finding, it was reversible error to issue an injunction without bond. Seminole Park and Fairgrounds, Inc. v. Tropic Bank of Seminole, 380 So.2d 1335 (Fla. 5th DCA 1980); Silverman v. Blaustein, 369 So.2d 86 (Fla. 3d DCA 1979); Muss v. Rosenberg, 353 So.2d 203 (Fla. 3d DCA 1977); Crow, Pope & Carter, Inc. v. James, 349 So.2d 827 (Fla. 3d DCA 1977); Quadomain Condominium Ass'n, Inc. v. Pomerantz, 341 So.2d 1041 (Fla. 4th DCA 1977).
In view of our conclusion herein, it is unnecessary to reach any other issue raised on this appeal. The order granting the temporary mandatory injunction is hereby reversed and the cause is remanded with directions to the trial court to vacate said order and to conduct further proceedings not inconsistent herewith.
Reversed and remanded.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] This account has no connection with the deposit of rent into the court registry required by Section 718.401(4)(a), Florida Statutes (1977), which was found unconstitutional in Pomponio v. Claridge of Pompano Condominium, 378 So.2d 774 (Fla. 1979).