409 So.2d 1162 (1982)
Mercedes DUVALLON, Appellant,
v.
Rolando DUVALLON, Appellee.
Nos. 80-2240, 80-2241.
District Court of Appeal of Florida, Third District.
February 16, 1982.
Mercedes Duvallon, in pro. per.
*1163 James C. Burke, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
Appellant, respondent below, appeals an order of the trial court of Dade County denying her motion to vacate an order of injunction. Appellant also appeals an order of the court adjudicating her guilty of willful and intentional contempt and sentencing her to serve a term of thirty days in jail. The appeals have been consolidated for appellate purposes.
Appellant urges reversal on the following grounds. First, the trial court erred in denying her motion to vacate the orders appealed. Second, the court erred in adjudicating her guilty of willful and intentional contempt when the rules of criminal procedure had not been complied with by the petition and the petitioner. Finally, appellant contends that the evidence was insufficient to support the orders appealed.
Wide discretion rests in the trial court in granting, denying, or modifying injunctions. An appellate court will not interfere with the exercise of this discretion unless some abuse thereof is clearly made to appear, or unless the trial court's ruling is clearly improper. A presumption exists as to the correctness of the ruling of the trial court, and the burden is on the appellant to make error appear.
We have carefully considered appellant's points on appeal in the light of the record, briefs and arguments of appellant (in person) and counsel for appellee, and we have concluded that no reversible error has been demonstrated. Therefore the orders appealed are affirmed.
Affirmed.
BASKIN, Judge (concurring in part, dissenting in part).
I concur in the majority opinion insofar as it denies appellant's motion to vacate the injunction. With regard to the adjudication of contempt, however, I must dissent. I would reverse the Order because appellant was sentenced for indirect criminal contempt, Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977), and was entitled to due process of law, including those matters enunciated in Florida Rule of Criminal Procedure 3.840(a). The order lacks a recital of facts constituting the contempt of which appellant was found guilty and was entered without affording appellant an opportunity to present matters in mitigation. While I recognize that appellant's repeated appearances before the court may have suggested these requirements were somewhat superfluous, I nevertheless believe appellant should have been afforded the letter of the law. I would therefore reverse the Order of Contempt.