423 So.2d 930 (1982)
CITY OF MIAMI SPRINGS, Joined by E. Michael Myers, Appellants,
v.
Earl C. STEFFEN and Mardell Steffen, His Wife, Appellees.
No. 82-1148.
District Court of Appeal of Florida, Third District.
November 16, 1982.
Rehearing Denied January 10, 1983.
*931 Albert L. Weintraub, Joseph H. Weil, Miami, for appellants.
J. Arthur Hawkesworth, Jr., Miami, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
We reverse the temporary mandatory injunction which directs defendants to pay plaintiffs $53,491.21 in back wages. The purpose of a temporary injunction is to preserve the status quo until full relief may be granted. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968). There is no irreparable harm for the purpose of a temporary injunction where the harm can be adequately compensated for by a monetary award. Goldberger v. Regency Highland Condominium Association, Inc., 383 So.2d 1173 (Fla. 4th DCA 1980); Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979). A temporary injunction does not decide the merits of a case unless (1) the hearing is specially set for that purpose, and (2) the parties have had a full opportunity to present their cases. University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla. 3d DCA 1982).
Reversed and remanded.