478 So.2d 1200 (1985)
William J. COX and Central Trailer Leasing and Sales, Inc., Appellants,
v.
FLORIDA MOBILE LEASING, INC., a Florida Corporation, Appellee.
No. 85-1823.
District Court of Appeal of Florida, Fourth District.
December 4, 1985.
*1201 Gerald M. Morris of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellant  Central Trailer.
B.J. Cummins of Law Offices W. George Allen, Fort Lauderdale, for appellant  Cox.
Fred W. Mattlin of Siemon, Larsen & Mattlin, Boca Raton, for appellee.
PER CURIAM.
The appellants appeal an order granting a preliminary injunction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). We reverse in part and affirm in part.
We reverse the trial court's determination that a full opportunity for a full hearing was not necessary. The purpose of a preliminary injunction is to preserve the status quo until a final hearing when final relief may be granted. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968). A preliminary injunction does not decide the merits of the case unless (1) the hearing is specially set for that purpose, (2) the parties have had a full opportunity to present their cases, University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981), and a denial of a preliminary injunction or reversal of an order granting same does not preclude the granting of a permanent injunction at the conclusion of a full hearing. Hialeah, Inc. v. B & G Horse Transportation, Inc., 368 So.2d 930 (Fla. 3d DCA 1979).
Because a party is not required to prove his case in full at a preliminary injunction hearing, the findings of fact and conclusions of law made by the court at that hearing are not necessarily binding at the trial on the merits. University of Texas v. Camenisch, 451 U.S. at 395, 101 S.Ct. at 1833.
Accordingly, the appellant has an opportunity for a full hearing on this matter.
AFFIRM IN PART; REVERSE IN PART.
LETTS, HURLEY and WALDEN, JJ., concur.