512 So.2d 1059 (1987)
SOUTH FLORIDA LIMOUSINES, INC., Appellant,
v.
BROWARD COUNTY AVIATION DEPARTMENT, Broward County Board of County Commissioners, a Political Subdivision of the State of Florida, Yellow Airport Limousine Service, a Joint Venture Owned and Operated by B & L Service, Inc. and All Broward Services, Inc., Appellees.
No. 4-86-2115.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
Rehearing Denied October 13, 1987.
*1060 Brian M. Berman of Smith and Berman, P.A., Hollywood, for appellant.
Susan F. Delegal, General Counsel, and Karen A. Kameron, Asst. Gen. Counsel, Fort Lauderdale, for appellees-County Aviation and County Com'rs.
Philip Morgaman, of Morgaman, de Almeida & Skrzypek, Fort Lauderdale, for appellees-B & L Service, Inc. and All Broward Services, Inc. d/b/a Yellow Airport Limousine Service.
PER CURIAM.
South Florida Limousines, Inc., appeals an order denying a motion for temporary injunctive relief. Broward County had requested proposals for a five-year limousine service contract at the Fort Lauderdale airport. The appellant contended that the county violated its own guidelines and criteria by accepting the proposal of Yellow Airport Limousine Service. The motion was denied, the court holding that South Florida Limousines would not suffer irreparable harm if the injunctive relief was denied, and that it had an adequate remedy at law.
A preliminary injunction does not purport to decide the merits of a cause of action, but merely serves to preserve the status quo until a final hearing. Cox v. Florida Mobile Leasing, Inc., 478 So.2d 1200 (Fla. 4th DCA 1985); Hotelerama Associates, Ltd. v. Bystrom, 449 So.2d 836 (Fla. 3d DCA), rev. denied, 458 So.2d 271 (Fla. 1984); Burnstein v. 5838 Condominium, Inc., 430 So.2d 572 (Fla. 3d DCA 1983); City of Miami Springs v. Steffen, 423 So.2d 930 (Fla. 3d DCA 1982); Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983); Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., Southern Greyhound Lines *1061 Division, 212 So.2d 365 (Fla. 4th DCA 1968). Since a full hearing was not held here, the narrow inquiry before this court is whether the prerequisites necessary in order for a temporary injunction to be granted were demonstrated. See Ladner.
South Florida Limousines argues that the lower court should not have required notice to be given to the defendants of the preliminary injunction hearing. Rule 1.610(a), Florida Rules of Civil Procedure, provides:
(a) Temporary Injunction.
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
The trial judge refused to hold a hearing without giving notice, wanting to provide an opportunity for the defendants to respond. The defendants were notified by telephone and the hearing held the next morning. As Yellow Limousine points out, the contract was awarded on August 5, but the motion for injunctive relief was not filed until August 27. The contract was to go into effect on September 1. The hearing was held the day after notice was filed, August 28. In County of Orange v. Webster, 503 So.2d 988 (Fla. 5th DCA 1987), the court held that the trial judge erred in granting a temporary injunction without notice, when the movant failed to show any injury which would occur before notice was given. Here, the appellant can show no reason why the one day delay caused it any injury. See also Lieberman v. Marshall, 236 So.2d 120, 125 (Fla. 1970); National Dairy Products Corp. v. State ex rel. Warren, 189 So.2d 811, 813 (Fla. 1st DCA 1966).
In Minimatic Components, Inc. v. Westinghouse Electric Corp., 494 So.2d 303, 304 (Fla. 4th DCA 1986), this court held that rule 1.610(a) requires the movant to show with substantial certainty that immediate and irreparable injury will result unless the temporary injunction is issued. The appellant made no showing that this was a rare occasion where an immediate injury would occur if notice was given, and thus the appellees were properly notified of the hearing.
The appellant claims that it met the requirements necessary in order to obtain a temporary injunction, and that the trial judge abused his discretion in failing to grant it. In order for a temporary injunction to be granted, the plaintiff must prove that: (1) he will suffer irreparable harm unless the status quo is maintained; (2) he has no adequate remedy at law; (3) he has a clear legal right to the relief requested; and (4) a temporary injunction will serve the public interest. Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981); Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980); Dania Jai Alai International, Inc. v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979). A temporary injunction is an extraordinary remedy, and should be granted sparingly and only after the moving party has alleged and proven facts entitling it to relief. Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986).
The trial judge found that the appellant would not suffer irreparable harm if the temporary injunction was denied, and that South Florida Limousines had an adequate remedy at law. The appellant states in a conclusory fashion that its proposal was the "best" and "most beneficial to the county." However, the county chose Yellow Limousine's proposal as the most qualified.
The appellant contends it suffered irreparable harm from the contract being illegally awarded to Yellow Limousine. However, the contract had already been awarded before the motion for temporary relief was filed, and the trial court found *1062 that nothing was being taken away from the movant. The appellant also contends that it suffered irreparable harm from losing business at the airport. However, the court found that the appellant had an adequate remedy at law for this. Mere loss of business because of a competitor will not suffice to demonstrate irreparable injury. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., Southern Greyhound Lines Division, 212 So.2d 365 (Fla. 4th DCA 1968). Irreparable injury will not be found if money damages are available as a remedy. Jacksonville Electric Authority v. Beemik Builders & Constructors Inc., 487 So.2d 372 (Fla. 1st DCA 1986); Supreme Service Station Corp. v. Telecredit Service Center, Inc., 424 So.2d 844 (Fla. 3d DCA 1982); City of Miami Springs v. Steffen, 423 So.2d 930 (Fla. 3d DCA 1982); Goldberger v. Regency Highland Condominium Association, Inc., 383 So.2d 1173 (Fla. 4th DCA 1980).
The trial court ruled that South Florida Limousines failed to sustain its burden for it to be granted a temporary injunction. A trial court's ruling on a motion for an injunction comes to the District Court of Appeal with a presumption of correctness and will be reversed only upon a showing of a clear abuse of discretion. Reinhold Construction, Inc. v. City Council for City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983); Duvallon v. Duvallon, 409 So.2d 1162 (Fla. 3d DCA), rev. denied, 418 So.2d 1279 (Fla. 1982). The burden is on the appellant to demonstrate such an abuse of discretion. Thompson v. Planning Commission of City of Jacksonville, 464 So.2d 1231 (Fla. 1st DCA 1985); Glenn v. 1050 Corp., 445 So.2d 625 (Fla. 3d DCA 1984). The appellant did not meet this burden.
The appellant contends that the trial court believed it could not enjoin the county. As support, it quotes this statement by the trial court at the hearing:
I don't feel that I can at this time based upon what was presented substitute my judgment for that of the administrative or executive agency that appears to have gone through this process and selected the Defendant over your Plaintiff and I would be substituting my judgment on that decision which I don't think the law allows me to do.
However, this passage does not indicate any conviction on the trial judge's part that he lacked the power to enjoin the county. Instead, his reluctance to "substitute" his judgment for that of the "administrative or executive agency" reflects the broad discretion accorded a public agency so long as it acts in good faith. System Development Corp. v. Department of Health and Rehabilitative Services, 423 So.2d 433 (Fla. 1st DCA 1982). As long as the decision was made in good faith, the courts will not generally interfere where the agency reaches a conclusion on facts upon which reasonable men may differ. System Development Corp.; Volume Services Division of Interstate United Corp. v. Canteen Corp., 369 So.2d 391 (Fla. 2d DCA 1979).
The appellant has failed to show an abuse of the trial court's discretion. The order denying a temporary injunction is therefore affirmed.
HERSEY, C.J., and GLICKSTEIN and STONE, JJ., concur.