Douglas R. Bell Attorney for Broward Drainage District
QUESTION: Under what circumstances must a special district, pursuant to s. 112.0801, F.S., allow its former employees the option of continuing to participate in the district's group insurance plan or self-insurance plan?
SUMMARY: Section 112.0801, F.S., requiring a special district to offer retired employees and their eligible dependents participation in its group insurance or self-insurance plan, does not apply to all former personnel of the district but only to former personnel who have retired under the district's retirement plan.
You state that the South Broward Drainage District was created by special act as a political subdivision of the state.[1]
The district is currently reviewing its procedures for providing medical and life insurance benefits to former and retired employees. You have advised the district that the provisions of s.112.0801, F.S., are applicable to the district. You have not asked, nor is any comment expressed herein, regarding the applicability of the federal Consolidated Omnibus Budget Reconciliation Act (COBRA).[2]
Section 112.0801, F.S., provides in part:
 Any state agency, county, municipality, special district, community college, or district school board which provides life, health, accident, hospitalization, or annuity insurance, or all of any kinds of such insurance, for its officers and employees and their dependents upon a group insurance plan or self-insurance plan shall allow all former personnel who have retired prior to October 1, 1987, as well as those who retire on or after such date, and their eligible dependents, the option of continuing to participate in such group insurance plan or self-insurance plan. Retirees and their eligible dependents shall be offered the same health and hospitalization insurance coverage as is offered to active employees at a premium cost of no more than the premium cost applicable to active employees. For the retired employees and their eligible dependents, the cost of any such continued participation in any type of plan or any of the cost thereof may be paid by the employer or by the retired employees.[3] (e.s.)
You ask whether the above statute applies to all employees of the district who have left the employ of the district for whatever reason or only to those employees who retire.
Section 112.0801, F.S., refers to former personnel who have retired prior to October 1, 1987, or who retire on or after that date. While the terms "former" or "retired" are not defined for purposes of the statute, the terms would appear to have separate and distinct meanings since both words are used in s. 112.0801, F.S.[4]
An examination of the legislative history surrounding the enactment and amendment of 112.0801, F.S., indicates that it was the Legislature's intention to extend coverage under the public agency's group insurance plan or self-insurance program to retirees under the public agency's retirement program and their eligible dependents.[5] Thus, s. 112.0801, F.S., is not applicable to all personnel of the district who have left for whatever reason but rather is limited to those former employees who retire under the district's retirement system.
Moreover, the plain language of the statute limits its application to those who are retired, not to those who are merely eligible to retire.[6] Thus, an employee who had left the district and is eligible for retirement would not be covered by the provisions of s. 112.0801, F.S., until such a time as he or she retires under the district's retirement plan.
In using the terms "retire," "retired," and "retirees," however, the statute does not distinguish between those who retire under normal retirement or those who have retired under the early retirement or disability retirement provisions of a public agency's retirement system. In the absence of the statute providing for or recognizing such distinctions, this office cannot read into the statute such distinctions or qualifiers.[7]
Therefore, I am of the opinion that s. 112.0801, F.S., requiring a special district to offer retired employees and their eligible dependents participation in its group insurance or self-insurance plan, does not apply to all former personnel of the district but only to former personnel who have retired under the district's retirement plan.
RAB/tjw
[1] See, Ch. 67.904, Laws of Florida, as amended by Chs. 86-362 and 89-430, Laws of Florida, creating the Hollywood Reclamation District. The district's name was changed to the South Broward Drainage District in 1986.
[2] P.L. 99-272, 100 Stat. 82, April 7, 1986. The Consolidated Omnibus Budget Reconciliation Act requires that employers sponsoring group health plans offer insured employees and their dependents who would lose coverage under the plan because of a "qualifying event," the opportunity to elect "continuation coverage," that is, a temporary extension of coverage that is identical to the coverage provided under the group health plan to active employees and their dependents. A "qualifying event" includes, among other things, termination of employment, other than by gross misconduct.
[3] The statute further provides:
To determine health and hospitalization plan costs, the employer shall commingle the claims experience of the retiree group with the claims experience of the active employees; and, for other types of coverage, the employer may commingle the claims experience of the retiree group with the claims experience of active employees. Retirees covered under Medicare may be experience-rated separately from the retirees not covered by Medicare and from active employees, provided that the total premium does not exceed that of the active group and coverage is basically the same as for the active group.
[4] See, Terrinoni v. Westward Ho, 418 So.2d 1143 (1 D.C.A. Fla., 1982) (statutory language is not to be assumed to be superfluous; statute must be construed so as to give meaning to all words contained therein).
[5] See, Staff Analysis on CS/CS/HB 381 (companion bill to SB 399), Retirement, Personnel Collective Bargaining Committee, House of Representatives, dated June 15, 1987; Tape, Committee on Personnel, Retirement and Collective Bargaining, Florida Senate, April 22, 1987. And see, title to Ch. 87-373, Laws of Florida, which refers to "[a]n act relating to retired public officers and employees; amending s. 112.0801, F.S."
[6] See, Powell v. State, 508 So.2d 1307 (1D.C.A. Fla., 1987), review denied, 518 So.2d 1277 (Fla. 1987) (unless otherwise defined or limited by manifest legislative intent, statutory language is to be given its plain and ordinary meaning).
[7] See, Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974); Hialeah, Inc. v. B G Horse Transportation. Omc/. 368 So.2d 930 (3 D.C.A. Fla., 1979) (court may not invoke limitation or add words to stature not placed there by Legislature). And see, Rule 22K-1.053, F.A.C., applicable to state retirees.