Dear Mr. Smith:
On behalf of the School Board of Monroe County, you ask the following question:
Are there any limitations on a school board's ability to convey real property pursuant to a lease-purchase agreement entered into pursuant to section 1013.15, Florida Statutes?
According to your letter, the Monroe County School Board has acquired a parcel of developed property located in Marathon, Florida. The school board was interested in obtaining a portion of the property in order to expand facilities at the adjacent high school. The property owner, however, was not interested in selling just a portion of the property and the school board decided to acquire the entire parcel, using the remainder of the property to provide affordable housing opportunities to school board employees. A private developer has expressed interest in purchasing the entire parcel from the school board for the amount paid by the school board in the original purchase. The developer would reconvey by warranty deed to the school board that portion of the land needed to expand the facilities at the high school. The developer would construct affordable housing units on the portion of property it retained, with preference given to district employees.
You ask whether the school board may utilize the provisions of section 1013.15, Florida Statutes, to enter into a lease-purchase agreement with the developer whereby the developer would lease the property for several months before deciding whether to exercise its option to purchase the property.[1] You note that section 1013.28, Florida Statutes, governs the disposal of real property by district school boards. Subsection (1) of the statute provides:
 "Subject to rules of the State Board of Education, a board may dispose of any land or real property that is, by resolution of the board, determined to be unnecessary for educational purposes as recommended in an educational plant survey. A board shall take diligent measures to dispose of educational property only in the best interests of the public. However, appraisals may be obtained by the board prior to or simultaneously with the receipt of bids."
Section 1013.15(1), Florida Statutes, specifically authorizes school boards to enter into leases or lease-purchase agreements:
 "A board may lease any land, facilities, or educational plants owned by it to any person or entity for such term, for such rent, and upon such terms and conditions as the board determines to be in its best interests; any such lease may provide for the optional or binding purchase of the land, facilities, or educational plants by the lessee upon such terms and conditions as the board determines are in its best interests. A determination that any such land, facility, or educational plant so leased is unnecessary for educational purposes is not a prerequisite to the leasing or lease-purchase of such land, facility, or educational plant. Prior to entering into or executing any such lease, a board shall consider approval of the lease or lease-purchase agreement at a public meeting, at which a copy of the proposed agreement in its final form shall be available for inspection and review by the public, after due notice as required by law."
Rule 6A-2.0010(1), Florida Administrative Code, which addresses educational facilities, incorporates, among other things, Volume I of the State Requirements for Educational Facilities. Section 1.4(7) of Volume I of the State Requirements for Educational Facilities provides:
 "A board may dispose of any land or other real property by resolution of such board, if recommended in an educational plant survey, and if determined to be unnecessary for educational or ancillary purposes. A board shall take diligent measures to dispose of educational property only in the best interest of the public. This section does not apply to granting of easements, rights-of-way, or leases of board property. The board may dispose of such property by one of the following methods:
 (a) Transfer. Transfer to another governmental agency for whatever consideration the board deems to be in its best interest.
 (b) Trade. The board may trade, to a public or private entity or person, land or other real property.
 1. The board may trade land or other real property that has been appraised to be at least of equal dollar value.
 2. The board may trade land or other real property not of equal value if the board deems the trade to be in its best interest.
 3. There shall be no limit on the value of land or other real property which may be traded by the board.
 (c) Sale of Property under $100,000. When, in the opinion of the board, the property has an estimated value of less than one hundred thousand dollars ($100,000) the board may dispose of the property by either public or private sale for whatever consideration the board deems to be in its best interest.
 (d) Sale of Property over $100,000. When, in the opinion of the board, the property to be sold has an estimated value in excess of one hundred thousand dollars ($100,000), the board shall dispose of the property by public sale. Such sale shall be advertised for a minimum of once a week for three (3) consecutive weeks in a newspaper having general circulation in the district.
 1. For property with an estimated value from one hundred thousand dollars ($100,000) to five hundred thousand dollars ($500,000), the board shall obtain an appraisal from at least one (1) qualified real estate appraiser to determine a fair market value, prior to or concurrent with receiving bids.
 2. For property with an estimated value exceeding five hundred thousand dollars ($500,000), the board shall obtain appraisals from at least two (2) qualified real estate appraisers to determine a fair market, prior to or concurrent with receiving bids.
 3. The board may sell the property if the bid price is within ten (10) percent of the lowest appraised value.
 4. The board shall have the authority to reject any or all bids. If there are no bids, the board may dispose of the property by other approved means.
 5. After disposal of any land or real property, funds received shall be expended on capital outlay projects.
 6. When the property is obtained through the use of federal funds or under specified conditions, all prior covenants shall be met.
 7. Upon disposal of any land or other real property, the board shall provide written notification of the action to the Office for deletion from Florida Inventory of School Houses (FISH) files.
 8. When surplus property has been determined to be a liability by the board, after obtaining appraisals, advertising the property for public sale, and opening bids, if the highest bid is less than (10) percent of the lowest appraised value, the board may by extraordinary vote, dispose of the property to the highest bidder.
 (e) Lease-Purchase Contracts. A board may dispose of any land owned by it, through a lease with an option to purchase or a lease-purchase agreement, to any person or entity, as the board determines to be in its best interest. A determination that the land, facility, or educational plant is unnecessary for educational purposes is not a prerequisite for the lease or lease-purchase. The board shall advertise the proposal as required by law and prior to entering into such agreement shall hold a public meeting. A copy of the final agreement shall be available for inspection and review by the public. The intent to enter into a lease with an option to purchase or a lease-purchase agreement shall be published three (3) times in a local newspaper as required by law."
While section 1013.28, Florida Statutes, in providing for the disposal of school property, requires a finding by the school board that the property is unnecessary for educational purposes as recommended in an educational plant survey, section 1013.15, Florida Statutes, provides that such a finding is not required when disposing of property by lease-purchase. Rather, the statute clearly authorizes the school board to dispose of land owned by it through a lease-purchase agreement under such terms and conditions as the board deems to be in its best interests. Similarly, the rule implementing sections 1013.15 and 1013.28, Florida Statutes, recognizes that the property may be disposed of by lease-purchase to any person or entity, as the school board determines to be in its best interest.
Neither the statutes nor the rule requires that the property be leased for a certain period before the property may be sold. The only requirements imposed by statute are that the agreement must be in the best interest of the school district and that prior to executing any such lease, the school board consider approval of the lease-purchase agreement at a public meeting, with a copy of the proposed agreement in its final form available for inspection and review by the public, after due notice. Under the rule, the board is required to publish the intent to enter into such an agreement three times in a local newspaper. This office has no authority to impose additional restrictions or limitations.[2]
You refer to Attorney General Opinion 05-09, in which this office was asked whether section 1013.28, Florida Statutes, controlled when the school board transferred the fee simple title to property obtained by eminent domain to a municipality that then granted the school board a leasehold interest in the property. As noted above, section 1013.28 governs the disposal of school property. Section 1013.15, Florida Statutes, however, was not implicated since the transaction in question involved the immediate transfer of the fee. Your inquiry, however, concerns a lease-purchase agreement of school property, and thus the provisions of section 1013.15, Florida Statutes, would appear to be applicable.
Accordingly, I am of the opinion that the school board may convey real property pursuant to a lease-purchase agreement entered into pursuant to section 1013.15, Florida Statutes, without determining that the property is unnecessary for educational purposes, provided that it determines that the agreement is in the best interests of the school district and complies with the notice and hearing requirements specified in that statute and in the rule relating to lease-purchase agreements.
Sincerely,
 Charlie Crist Attorney General
CC/jw
[1] School boards have home rule powers. See s. 1001.32(2), Fla. Stat., providing that "[i]n accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law. Cf. Ops. Att'y Gen. Fla. 83-72 (1983) (where statute specifies method, manner or procedure in which district school board is required to act, such legislative direction prevails over a conflicting method or procedure adopted by school board); 84-95 (1984) (in case of direct conflict between state statute and rule, policy or other form of legislative action taken by a district school board, state statute prevails).
[2] See Chaffee v. Miami Transfer Company, Inc.,288 So. 2d 209 (Fla. 1974); Hialeah, Inc. v. B G Horse Transportation,Inc., 368 So. 2d 930 (Fla. 3rd DCA 1979) (court may not invoke limitation or add words to statute not placed there by Legislature); Ops. Att'y Gen. Fla. 93-06 (1993) and 87-43 (1987).