PER CURIAM.
Plaintiff-appellant seeks review of an adverse final judgment entered in favor of defendant-appellees in an action for cancellation of written deposit receipt agreement and for return of escrow deposit.
Plaintiff-appellant, Luis Deeb, as purchaser, entered into a deposit receipt agreement with the defendant-appellees Milton Field and E. M. Segall, as sellers, for the purchase of certain real property. According to the terms thereof, plaintiff gave $10,000 as a deposit which was held in escrow and in the event of default by the purchaser was to be retained by the sellers as liquidated and agreed damages. The agreement further provided in pertinent part:
“Purchaser shall have twenty working days from the acceptance of this contract to apply for the necessary zoning changes and/or variance as above referred to, and being restricted to that number of apartment units as allowable by the city of North Miami Beach codes.
“Closing is set and shall take place within thirty days from the final approval of the necessary zoning change and/or variance. Any and all expenses shall be borne by the purchaser. If said variance and/or zoning changes are not obtained then this contract shall become null and void at the option of the purchaser.
“If purchaser is successful in obtaining the requisite zoning and/or variance and an appeal is filed by a third party or governmental authority from such decision the closing shall be extended until *737 ten days after final Judicial determination in favor of zoning required. If such appeal is taken, purchaser shall deposit an additional $10,000 with Escrow Agent. Purchaser will be required to diligently pursue whatever course necessary, through whatever means, to seek relief from such appeal to a successful conclusion, at his own expense.
* * * * *
Where the North Miami Beach Planning and Zoning Board and/or City Council rejects the rezoning request the responsibility rests with the purchasers to diligently proceed (Time being of the essence) to re-petition for the sought for zoning. If in the seller opinion delay is being caused unnecessarily by the purchasers then this agreement can be cancelled by the sellers immediately with the mailing of notice of cancelation of agreement.”
% ‡ ‡ ‡ ‡
Thereafter, in accordance with the above, plaintiff petitioned the North Miami Beach Planning and Zoning Board to rezone the subject property from business to multi-unit residential. The planning and zoning board denied this petition. Thereupon, plaintiff declared the contract a nullity and demanded return of his $10,000 deposit. At the same time or immediately prior thereto, defendant-appellee Milton Field re-petitioned the North Miami Beach Planning and Zoning Board. However, at the time of the hearing thereon, the matter was deferred until a reapplication which included proper notice to the surrounding property owners was made. Defendants refused to return the deposit and plaintiff filed the instant action for cancellation and/or rescission of the agreement and return of his security deposit. The cause proceeded to a non-jury trial at the conclusion of which the trial judge found that the equities were with the defendants and entered judgment awarding them the $10,000 security deposit. Plaintiff appeals therefrom. We affirm.
It is fundamental that in construing i contract, the intention of the parties must be determined from examination of the whole contract and not from the separate phrases or paragraphs. Lalow v. Codorno, Fla.1958, 101 So.2d 390.
Reviewing the deposit receipt agreement in the case at bar in light of the above principle of law, it is very clear that upon the denial of his initial petition for rezoning, the plaintiff according to the terms thereof was under a duty to re-petition the planning and zoning board. Plaintiff-appellant having failed to re-petition breached the contract and thus, we conclude that the trial judge was correct in finding that the equities of the cause lie with the defendants Field and Segall and entering judgment in their favor.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.