345 So.2d 851 (1977)
PLAZA DEL PRADO CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Harry RICHMAN and Irene Richman, His Wife, Appellees.
No. 76-979.
District Court of Appeal of Florida, Third District.
May 10, 1977.
Weissenborn, Burr & Hyman, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Bruce A. Christensen, Miami, for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Plaintiff-appellant condominium association seeks review of a final judgment in favor of defendant-appellee unit owners in an action for mandatory injunction to compel defendants to comply with the rules of the association and remove their non-conforming terrace railings.
Plaza Del Prado Condominium Association, Inc. filed a complaint for mandatory injunction praying that Harry and Irene Richman, owners of unit 1604 in Tower 3 South, be required to remove the present railings from their terrace and restore the terrace to its original condition. Plaintiff alleged that contrary to the by-laws of the association defendants, without the permission of 51% of the members, installed terrace railings which differ in both color and material from the original railings thereby *852 altering the uniformity of the building's exterior. The cause was tried non-jury and the testimony reflected that at the time defendants purchased their unit they were granted permission by the sale representative and his supervisor to make the change in the terrace railings. The owner/developer testified that the supervisor had the authority to and did approve changes from time to time. The record also reflects that defendant's brother, who owns the unit directly below them, had previously been granted permission by the developer/owner to make the identical changes to his terrace railings. Further, other unit owners were also permitted to make changes to their terrace railings with the permission of the owner/developer or the association. Last, more than one year had elapsed after the changes had been made before plaintiff association notified defendants that they were in violation of the condominium by-laws and demanded that the original railings be restored.
Based upon this evidence, plaintiff is estopped from claiming any lack of compliance with the by-laws. See Quality Shell Homes & Supply Company v. Roley, 186 So.2d 837 (Fla.1st DCA 1966); Phoenix Insurance Company v. McQueen, 286 So.2d 570, 572 (Fla.1st DCA 1974). In addition, plaintiff conceded that some of the terraces had been changed with the permission of the owner/developer and/or the association and, therefore, the exterior appearance of the building is not uniform. Under the circumstances, we also point out that plaintiff was under a duty to assert itself sooner than one year after the defendants' alleged violation of the by-laws.
Based on the evidence presented, we cannot say that the trial judge erred in entering final judgment for the defendants. See, e.g. Lamb v. Dade County, 159 So.2d 477 (Fla.3d DCA 1964).
Affirmed.