423 So.2d 927 (1982)
William LADNER and Judith Ladner, His Wife, Appellants,
v.
PLAZA DEL PRADO CONDOMINIUM ASSOCIATION, INc., Appellee.
No. 81-1428.
District Court of Appeal of Florida, Third District.
November 16, 1982.
Rehearing Denied January 12, 1983.
*928 Tew, Critchlow, Sonberg, Traum & Friedbauer and Richard Critchlow, Miami, for appellants.
Michael L. Hyman and Andrew Kaplan, Miami, for appellee.
Before DANIEL S. PEARSON, and FERGUSON, JJ., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge.
FERGUSON, Judge.
The owners of a condominium unit bring this appeal from a Final Judgment ordering them to restore their terrace railing to its original condition in compliance with the Declaration of Condominium and by-laws. Appellants make two arguments: (1) the order requiring them to correct a non-conforming condition constitutes an impermissible selective enforcement of the rules, (2) a prior decision of this court holding that the action by the condominium association constitutes selective enforcement is the law of the case and is not open to redetermination by the trial court.
We will first address the second point on appeal. The case was before this court previously, Ladner v. Plaza Del Prado Condominium Association, Inc., 384 So.2d 50 (Fla. 3d DCA 1980), to review an order granting the Condominium Association's motion for preliminary injunction which required appellants to correct the nonconforming condition of their terrace railing. This court reversed the preliminary injunction for the reason that the Association had failed to show that without the injunction they would suffer irreparable harm, citing to Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977). The opinion, set out in its entirety below, also purports to decide the underlying merits of the case:
We reverse the decision of the trial court granting the condominium association a temporary mandatory injunction requiring the Ladners to restore the terrace of their apartment to its original condition. Ordering the Ladners to remove their nonconforming, differently colored terrace railings constitutes selective enforcement of the rules contained in the declaration of condominium and the bylaws contrary to White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979). Furthermore, no irreparable harm to appellee has been shown. Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977).

*929 Reversed and remanded for further proceedings.
Ladner, 384 So.2d 50 (emphasis supplied).
But the narrow issue before this court in the interlocutory appeal from the order granting temporary injunction was whether the Condominium Association had made a showing, reasonably free from doubt, that a preliminary injunction was necessary to prevent great and irreparable injury. See, e.g., Sackett v. City of Coral Gables, 246 So.2d 162 (Fla. 3d DCA 1971). The expression that the Association was selectively enforcing its rules was beyond that necessary to decide the narrow issue raised so is obiter dictum and without force. State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973); Pell v. State, 97 Fla. 650, 122 So. 110 (1929).
There is a second and even more compelling reason why we must reject appellant's argument that the statement made in the prior opinion as to a material point in the controversy constitutes the law of the case. Acceptance of such a proposition would essentially require us to hold that a final judgment of injunction could enter based on facts developed at the preliminary stage before the parties have had an opportunity for a full hearing. The purpose of a temporary injunction[1] is to preserve the status quo until a final hearing when full relief may be granted. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968). A preliminary injunction does not decide the merits of the case unless (1) the hearing is specially set for that purpose, (2) the parties have had a full opportunity to present their cases, University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981), and a denial of a preliminary injunction or reversal of an order granting same does not preclude the granting of a permanent injunction at the conclusion of a full hearing. Hialeah, Inc. v. B & G Horse Transportation, Inc., 368 So.2d 930 (Fla. 3d DCA 1979). Because a party is not required to prove his case in full at a preliminary injunction hearing, the findings of fact and conclusions of law made by the court at that hearing are not binding at the trial on the merits. University of Texas v. Camenisch, 451 U.S. at 395, 101 S.Ct. at 1833. It follows necessarily that any expression on the merits of the case by an appellate court reviewing an order granting or denying a preliminary injunction, where review is based on a record made at a less-than-full hearing, will not be binding at trial on the merits.[2]
Appellant's first point on appeal goes to the merits of the case. At the hearing on the merits after remand, the trial court made the following findings:
2. That the defendants, William Ladner and Judith Ladner, his wife, are the owners of [a] condominium unit..., purchased with notice of and are subject to the provisions of the Declaration of Condominium as well as the other involved condominium documents, including the bylaws.
3. That the Declaration of Condominium provides in part that no unit owner shall decorate or change the appearance of any portion of the exterior of the apartment building without the prior approval, in writing, of the owners of record of 51% of the condominium units and the approval of the association.
4. That the defendants, without seeking or obtaining requisite prior approval materially altered the railings of the terrace of their condominium unit.

*930 5. The plaintiff association, acting through its Board of Directors, did notify the defendants of their violation of such provision of the Declaration of Condominium and request compliance therewith.
6. That defendants failed to comply with such requests of the Board of Directors resulting in the filing of the instant case.
7. That based upon the evidence presented to the court, the court finds that as a result of the decision in Plaza Del Prado v. Richman, 345 So.2d 851 (Fla. 3d DCA 1977) a certain group of unit owners who had received permission from the developer of the Plaza Del Prado Condominium were allowed to maintain their terrace railings with the alterations permitted by the developer.
8. That as a result of the Richman decision, the plaintiff association was without authority to compel compliance with the Declaration of Condominium as to that certain group of unit owners.
Those findings of the trial court are supported by competent and substantial evidence in the record. A finding of fact by a trial judge in a non-jury case will not be set aside on review unless totally unsupported by competent substantial evidence. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982); Oceanic International Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981). The alterations made by unit owners with permission of the developer, before responsibility for enforcement of the Declarations and bylaws was transferred to the Association, are the only alterations which have continued. The Association, since it inherited the responsibility for enforcement, has consistently precluded any further violations of the agreement not to alter the architectural uniformity of the exterior building. That the Association has consistently performed its duty to enforce the mutual agreement entered into by all the unit owners, and has done so only prospectively, whereas the predecessor developer was lax in enforcing those rules, does not constitute selective and arbitrary conduct by the association in violation of the proscriptions of White Egret Condominium v. Franklin, 379 So.2d 346 (Fla. 1979).
Affirmed.
NOTES
[1] Preliminary injunction and temporary injunction are used interchangeably and have the same meaning. Black's Law Dictionary 923 (rev. 4th ed. 1968). The Florida Rules of Civil Procedure, 1.610(a) uses "Preliminary Injunction", and distinguishes it from "Temporary Restraining Order". Fla.R.Civ.P. 1.610(b).
[2] The case came for hearing on the Motion for Temporary Injunction March 5, 1980, twelve days after plaintiffs applied for the injunction. The evidence presented at the hearing consisted of testimony of plaintiff association's president, another aggrieved member of the association, and photographs. Appellants could not attend. Counsel for appellants argued at the conclusion of the hearing that the court had not been presented all of the evidence. Appellees here agree. So do we.