592 So.2d 361 (1992)
Bob RITCHIE and Elizabeth Ritchie, Appellants,
v.
CARRIAGE OAKS HOMEOWNERS ASSOCIATION, INC., Appellee.
Nos. 91-347, 91-1115.
District Court of Appeal of Florida, Fifth District.
January 17, 1992.
James A. Burzee, Orlando, for appellants.
*362 R. Edward Cooley of Shepherd, McCabe & Cooley, Longwood, for appellee.
PETERSON, Judge.
Bob and Elizabeth Ritchie appeal a final summary judgment ordering them to remove a six-foot chain link fence that they placed on the side and the rear of their residential lot in Carriage Oaks, a subdivision in Orange County. They also appeal a judgment awarding attorney's fees and costs to Carriage Oaks Homeowners Association, Inc. (Association), the homeowners' association of the subdivision which had sought the removal of the fence. We vacate the judgments and remand.
The Declaration of Conditions, Covenants, and Restrictions for Carriage Oaks (Declaration) includes two provisions relating to fences:
Article II. Restrictive Covenants.
* * * * * *
(20) Boundary Walls, Fences and Hedges. No boundary walls, fences or hedges shall be constructed or grown with a height of more than six (6) feet above the ground level of adjoining property. No wall of any height shall be placed or constructed on any Lot until after the height, type, design and location thereof shall have been approved in writing by the Association or its architectural review committee. The heights or elevations of any wall shall be measured from the existing property elevations. Any questions as to such heights shall be conclusively determined by the Association or its architectural review committee. No boundary wall, fence or hedge or part thereof may be placed any closer to a street than a dwelling could be placed on the same Lot, as may be required by FHA/VA or other governmental regulation. No boundary wall, fence or hedge shall be permitted closer than thirty (30) feet from the right of way lines.
* * * * * *
Article III. Architectural Approval.
* * * * * *
Section 1. Mindich, in order to protect the value and desirability of the Property and to ensure the harmonious development of a planned residential community, shall have the following duties and powers:
(a) To approve all buildings, fences, walls, pools or other structures which shall be commenced, erected or maintained upon the Property and to approve any exterior additions to or changes or alterations therein. For any of the above, Mindich shall be furnished plans and specifications showing the nature, type, shape, height, materials, and location of the same and shall approve in writing as to the harmony of the external design and location in relation to surrounding structures and topography.
"Mindich" is defined in the Declaration as "Mindich Construction Co., Inc... . its successors and assigns."
The Ritchies were aware of the terms of the Declaration and told several fellow association members of their intent to construct the chain link fence. The fence was erected and the Association sought injunctive relief to remove it. The Association's complaint included an allegation denied by the Ritchies that the Association is the successor to Mindich's rights under the Declaration. The trial court found that the Declaration specifically requires prior approval by the board of directors of the Association before a homeowner may erect a fence, and the court ordered removal.
The restrictive covenant in article III, section 20, has no application to this case since the only restrictions pertaining to fences are a height limitation of six feet and a regulation regarding the proximity of fences to streets and rights-of-way. The Ritchies' fence was in compliance with these restrictions. Section 20 does require prior approval by the Association for the erection of a wall, but the section makes no requirement regarding fences.
Article III, section 1(a), requires the approval by Mindich for the erection of a fence, but no provision appears in the Declaration indicating that the Association succeeds to the rights of Mindich or that the approval of the Association must be obtained before a fence can be erected. It is *363 apparent from the Declaration that Mindich was the developer of the subdivision, and while it is typical for a developer to transfer responsibility for the enforcement of the declarations to an association, see, e.g., Ladner v. Plaza del Prado Condominium Ass'n, Inc., 423 So.2d 927 (Fla. 3d DCA 1982), review denied, 434 So.2d 887 (Fla. 1983), it is not as apparent from the Declaration that Mindich intended to transfer its approval rights to the Association. Nothing appears in the record to indicate that Mindich transferred its rights separately from the Declaration, and one can easily surmise that Mindich's intent in article III was to reserve certain rights to itself so that it could protect its investment during the developmental stage of the subdivision. Article III contains no reference to the Association or its architectural control committee, and article II creates ambiguities by making certain items subject to approval by Mindich and still others subject to approval by the Association.
We therefore find error in the trial court's determination that the Declaration "specifically requires prior approval by the Board of Association before a homeowner may erect a fence." Our review of the Declaration reveals no such specificity. Nothing in the record supports the Association's allegations in its complaint that the Association succeeded to Mindich's interest. Evidence is required to demonstrate that such was Mindich's intent under the Declaration or by separate instrument.
We find no error in the trial court's finding that there was no selective enforcement of the Declaration and that estoppel does not apply against the Association.
The partial summary final judgments requiring removal of the chain link fence and ordering payment of attorney's fees and costs are vacated, and the cause is remanded for further proceedings.
Judgments VACATED; REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.