613 So.2d 531 (1993)
ESPLANADE PATIO HOMES HOMEOWNERS' ASSOCIATION, INC., Appellant,
v.
Cecil D. ROLLE, et al., Appellees.
No. 92-664.
District Court of Appeal of Florida, Third District.
January 26, 1993.
Rehearing Denied March 9, 1993.
*532 Buchanan Ingersoll and Richard N. Schermer, North Miami Beach, for appellant.
Shutts & Bowen and Lee D. Mackson, Miami, for appellees.
Before SCHWARTZ, C.J., and FERGUSON and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
On this appeal by the homeowner's association, we reverse a judgment holding that it was estopped from enforcing a valid restriction against satellite dishes in the community. We reach this conclusion because (a) the association itself made no representation to the Rolles that the restriction could not be enforced; the only such statement was made by the sales agent of the developer which, whether or not the developer's representative occupied positions on the association's board of directors, could not bind the association itself, see Gladding Corp. v. Register, 293 So.2d 729 (Fla. 3d DCA 1974), cert. discharged, 322 So.2d 911 (Fla. 1975), and (b) the appellees could not therefore have reasonably relied upon those statements in erecting the dish after their purchase of the home. Since two of the elements indispensable to the creation of an estoppel, a statement by the party sought to be estopped and reasonable reliance upon that representation by the party claiming the estoppel, see Enegren v. Marathon Country Club Condominium West Ass'n, Inc. 525 So.2d 488 (Fla. 3d DCA 1988), therefore do not exist, the judgment below cannot stand. See Enegren 525 So.2d at 488; Chattel Shipping & Inv., Inc. v. Brickell Place Condominium Ass'n, 481 So.2d 29 (Fla. 3d DCA 1985); Ladner v. Plaza Del Prado Condominium Ass'n, 423 So.2d 927 (Fla. 3d DCA 1982), pet. for review denied, 434 So.2d 887 (Fla. 1983). Accordingly, it is reversed and the cause remanded with directions to enter a judgment enforcing the restriction in question against the appellees.
Reversed and remanded.