WARNER, J.
 

 Curci Village Condominium Association appeals a final summary judgment in favor of a homeowner entitling the homeowner to keep improvements she has made to her property. She claimed that she had the assent of the president/developer of the condominium association. Because the evidence is clear that the condominium association rules were not complied with in that she did not receive written approval from the condominium board, we reverse.
 

 This case arises out of landscaping modifications Santa Maria made to the backyard of her condominium unit. Santa Maria purchased a condominium unit in Curci Village from the developer Second Avenue Homes, LLC. Before control of the Association was transferred to the homeowners, Santa Maria inquired whether she could put “decorative improvements” in her backyard. Richard Shan, who was a manager of the developer as well as the president and director of the Association at the time, told her that he “didn’t see a problem with it” as long as it did not impede the water runoff, was not permanent in nature, and did not require a permit. He told her that stones and mulch would be fíne. When he gave her his “opinion” that it would be fine to make these modifications, he did so as president and director of the Association. Santa Maria never requested or obtained written permission from the Association to make the modifications. The board of directors did not discuss during any meeting the decision to grant Santa Maria permission to make modifications. Relying on Shan’s verbal representations, Santa Maria installed mulch beds, small paver stones, and crushed rock along the outside of the property. She also placed chairs and other leisui’e furniture in the area.
 

 Shortly after control of the Association was turned over to the homeowners some four months later, the Association retained counsel who sent a letter to Santa Maria stating that the modifications were causing damage and flooding to the common areas and were violative of the declaration. Santa Maria filed a two-count complaint against the Association, alleging a claim for declaratory relief and requesting that the court enter an order finding that she was not required to remove the landscaping modifications. She also sought damages pursuant to section 718.303, Florida Statutes, due to her being forced to defend the landscaping modifications.
 

 The Association answered, claiming that Santa Maria was in violation of the declaration of condominium. Section 22.14 of the declaration provides that “[n]o balconies, patios or terraces shall be extended, enclosed or decorate[d] in any way whatsoever by a Unit Owner without the prior written consent of the Board of Adminis
 
 *1177
 
 tration.” Likewise, section 22.06 states that “every Unit Owner shall ... [m]ake no alteration, decoration, repair, replacement or change of the Common Elements or to any outside or exterior portion of the building without the prior written consent of the Association.” Section 30.03 requires each unit owner to comply with the provisions of the declaration. The articles of incorporation and the bylaws reflect that the first board of directors consisted of Shan as president and two other individuals who acted as the vice-president and secretary/treasurer.
 

 The Association and Santa Maria filed cross-motions for summary judgment. The Association asserted that the verbal permission from the developer was insufficient, because the declaration specifically required that she obtain the express written permission from the Association before the modifications were made. Santa Maria maintained that the verbal permission from Shan, as developer and president of the Association, and her reliance thereon estopped the Association from claiming that the modifications should be removed. Alternatively, she argued that the Association’s demand for the removal of the landscaping modifications was arbitrary and capricious.
 

 After reviewing the motions, pleadings, deposition testimony, reports, and other record evidence, the court entered an order granting Santa Maria’s motion for summary judgment and denying the Association’s motion. The court found that Santa Maria was entitled to maintain the decorative mulch and rocks along the limited common elements of her property. The court awarded Santa Maria prevailing party attorney’s fees and costs pursuant to section 718.303, Florida Statutes, and section 30.03 of the declaration. Curci appeals this judgment.
 

 The standard of review applicable to summary judgment is de novo.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.”
 
 Id.
 
 The facts in this case show that the trial court erred in granting summary judgment to Santa Maria.
 

 The declaration of condominium, which is the condominium’s “constitution,” creates the condominium and “strictly governs the relationships among the condominium unit owners and the condominium association.”
 
 Woodside Vill. Condo. Ass’n v. Jahren,
 
 806 So.2d 452, 455-56 (Fla.2002). A declaration of condominium must be strictly construed.
 
 Palm Beach Hotel Condo. Ass’n v. Rogers,
 
 605 So.2d 143, 145 (Fla. 4th DCA 1992). Two sections of the declaration required Santa Maria to obtain written permission of the board prior to making improvements or alterations to her property or the common elements. Santa Maria was required to comply with the provisions of the declaration pursuant to its own terms and section 718.303, Florida Statutes.
 

 Santa Maria does not dispute that she did not obtain written consent prior to making the modifications. Instead, she maintains that the Association is estopped from claiming lack of compliance with the condominium documents because Shan, as president and director of the Association, gave her verbal permission to make the modifications. The essential elements of estoppel are “(1) a representation as to a material fact that is contrary to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon.”
 
 State v. Harris,
 
 881 So.2d 1079, 1084 (Fla.2004).
 
 See also WSG W. Palm
 
 
 *1178
 

 Beach Dev., LLC v. Blank,
 
 990 So.2d 708, 715 (Fla. 4th DCA 2008).
 

 The court did not find an estoppel in
 
 Esplanade Patio Homes Homeowners’ Ass’n v. Rolle,
 
 613 So.2d 531 (Fla. 3d DCA 1993), where only the developer’s agent, and not the homeowner’s association, gave permission to the homeowner to install a satellite dish contrary to the declaration of covenants. The association was not es-topped from enforcing the restriction, even where the developer occupied positions on the board of the association. The court ruled that two elements of estoppel were lacking: a statement by the party sought to be estopped and reasonable reliance on the representation.
 

 In
 
 Emerald Estates Community Ass’n v. Gorodetzer,
 
 819 So.2d 190 (Fla. 4th DCA 2002), we held that a salesperson’s statement to a unit owner that the erection of antenna would “not be a problem” fell short of the written approved required by the declaration. The fact that the association was controlled by the developer at the time provided the owner no shelter from the application procedure outlined in the declaration. The owner “needed to file a written application, and receive written approval, by the Association in whatever form it existed, i.e., the developer or its agents, in order to establish ‘previous approval’ acting as an estoppel on the Association.” I
 
 d.
 
 at 195.
 

 In this case, as in
 
 Rolle,
 
 estoppel is inapplicable because the board of directors did not give Santa Maria permission to make the modifications, and Santa Maria could not reasonably rely on Span’s verbal representation to constitute the specific requirement of a written approval from the board. Santa Maria did not request or obtain written consent from the board pri- or to making the modifications as required by the declaration. Further, Span stated that when he spoke with Santa Maria about the modifications, he told her that he “didn’t see a problem with it” and it was his “opinion” that the modifications would be fine, similar to the sales agent in
 
 Gorodetzer.
 
 Santa Maria received merely a verbal opinion from one member of a three member board of directors. The fact that Span was also president of the Association and a member of the developer does not change that result. It is of no consequence that the modifications were made before the transfer of the Association took effect, because the declaration was already in effect at the time Santa Maria spoke with Span. Because the declaration explicitly required the prior written consent of the board of directors, Santa Maria could not have reasonably or justifiably relied on Span’s verbal statements.
 

 Santa Maria cites
 
 Plaza Del Prado Condominium Ass’n v. Richman,
 
 345 So.2d 851 (Fla. 3d DCA 1977), which we deem distinguishable. In
 
 Richman,
 
 the association filed an injunction to compel the owners to remove their nonconforming terrace railings that had been installed a year earlier. At the time the owners purchased the unit, the sales representative and his supervisor gave them permission to make changes to the terrace railings. The owner/developer testified that the supervisor had the authority to approve the changes. Other unit owners had been given permission by the owner/developer or the association to make changes to their terrace railings. Based on these facts, the Third District concluded that the association was estopped from claiming any lack of compliance with the bylaws. The court noted that as a result of terraces being changed with permission, the exterior appearance of the building was not uniform. Also, the “plaintiff was under a duty to assert itself sooner than one year after the defendants’ alleged violation of the by-laws.”
 
 Id.
 
 at 852.
 

 
 *1179
 
 In contrast to
 
 Richman
 
 where the association waited one year to notify the owners that they were in violation of the bylaws, here the Association took action and sent Santa Maria a letter regarding the violation soon after the Association received control from the developer, only about four months after Santa Maria made the alterations.
 

 The final summary judgment in favor of Santa Maria is reversed. Although no genuine issue of material fact exists as to Santa Maria’s noncompliance with the declaration of condominium, she has also raised a claim that the board’s refusal to consent to the modifications is arbitrary and capricious. A party may challenge the enforcement of an otherwise valid restrictive covenant by proving defensive matters that preclude enforcement, such as the enforcing authority acted in an unreasonable or arbitrary manner.
 
 Gorodetzer,
 
 819 So.2d at 193. On this issue, there are genuine disputed issues of material fact. We therefore remand for further proceedings.
 

 Because we have reversed the final summary judgment, we also reverse the attorney’s fee award predicated on that judgment.
 

 Reversed and remanded for farther proceedings.
 

 HAZOURI, J., and SHAHOOD, GEORGE A., Senior Judge, concur.