HAZOURI, J.
James Cali appeals from a Partial Final Summary Judgment in favor of Meadow-brook Lakes View Condominium Association “B” Inc. (“Meadowbrook”), on counts I, II and III of his Second Amended Complaint.
Meadowbrook is a Florida not-for-profit corporation which conducts its business in Broward County, Florida, exists pursuant to Chapter 617 of the Florida Statutes, and operates pursuant to Chapter 718 of the Florida Statutes. Cali is one of the unit owners in Building “I” of Meadowbrook, governed by the Association.
This case stems from a negligence claim against Meadowbrook brought by Cali seeking damages he alleges were proximately caused by two severe water leaks *364 from plumbing pipes located within the interior boundary walls of units 201 and 501. Cali is the owner of unit 201.
Cali alleges that Meadowbrook owed him a duty pursuant to Article XXI of the Declaration of Condominium and pursuant to section 718.113(1), Florida Statutes (2009), as well a duty of reasonable care to him and other unit owners. Meadowbrook denied any duty to Cali because the pipes were not part of the common elements or caused by common elements either under the Declaration or under the statute. The trial court found that there was no material issue of fact that created a duty on the part of Meadowbrook as it determined that the pipes were not a part of the common elements.
In order to determine whether the leaking pipes located within the interior boundary walls were common elements for which the Association owed a duty to repair, the trial court was presented with a number of statutes and certain portions of the Declaration of Condominium.
Section 718.103(8), Florida Statutes (2009), defines “common elements” as “the portions of the condominium property not included in the units.” The “association” is, inter alia, an “entity responsible for the operation of common elements owned in undivided shares by unit owners.... ” § 718.103(2), Fla. Stat. (2009).
Section 718.108, Florida Statutes (2009), titled “Common Elements,” provides:
(1) “Common Elements” includes within its meaning the following:
(a) The condominium property which is not included within the units.
(b) Easements through units for conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services to units and the common elements.
(c) An easement of support in every portion of a unit which contributes to the support of a building.
(d) The property and installations required for the furnishing of utilities and other services to more than one unit or to the common elements.
(2) The declaration may designate other parts of the condominium property as common elements.
(Emphasis added). Under section 718.111, titled “The association,” subsection (4) provides:
(4) ASSESSMENTS; MANAGEMENT OF COMMON ELEMENTS. — The association has the power to make and collect assessments and to lease, maintain, repair, and replace the common elements or association property; however, the association may not charge a use fee against a unit owner for the use of common elements or association property unless otherwise provided for in the declaration of condominium or by a majority vote of the association or unless the charges relate to expenses incurred by an owner having exclusive use of the common elements or association property-
Subsection (5) provides:
(5) RIGHT OF ACCESS TO UNITS.— The association has the irrevocable right of access to each unit during reasonable hours, when necessary for the maintenance, repair, or replacement of any common elements or of any portion of a unit to be maintained by the association pursuant to the declaration or as necessary to prevent damage to the common elements or to a unit or units.[1]
*365 Section 718.113(1) on “Maintenance” provides:
(1) Maintenance of the common elements is the responsibility of the association. The declaration may provide that certain limited common elements shall be maintained by those entitled to use the limited common elements or that the association shall provide the maintenance, either as a common expense or with the cost shared only by those entitled to use the limited common elements. ...
Section 718.115(l)(a) defines “Common expenses”:
(l)(a) Common expenses include the expenses of the operation, maintenance, repair, replacement, or protection of the common elements and association property, costs of carrying out the powers and duties of the association, and any other expense, whether or not included in the foregoing, designated as common expense by this chapter, the declaration, the documents creating the association, or the bylaws....
The Declaration of Condominium provides in Article II:
II. The terms used herein, or in the Exhibits attached hereto shall have the meanings stated in the Condominium Act[2] and as follows, unless the context otherwise requires.
(1) Residence, Apartment or Dwelling Unit: Residence, apartment or dwelling unit as the term is used herein, shall mean and comprise the ■ separate and numbered apartment units which are designated in Exhibit A-2 to this Declaration of Condominium, excluding, however, all spaces and improvements lying beneath the undecorated and/or unfinished inner surfaces of the perimeter walls and floors, and above the undecorated and/or unfinished inner surfaces of the upper top ceilings of each dwelling unit and further, excluding all spaces and improvements lying beneath walls) and/or bearing partitions, and further excluding all pipes, ducts, wires, conduits and other facilities running through any interior wall or partition for the furnishing of utility services to apartment dwelling units and common elements.
(2) Common .Elements: Common elements as the term is used herein shall mean and compromise [sic] all of the real property, improvements and fácil-ities of the condominium other than the apartment dwelling units as the same are defined herein, all of which are more particularly described and set ■forth in Exhibit A-l. Common elements shall include easements through apartment dwelling units for all conduits, pipes, plumbing, wiring and all other facilities for the furnishing of utility services to apartment dwelling units and common elements and easements of support in every portion of an apartment dwelling unit which contributes to the support'of the improvements, and shall further include all personal property held and maintained for the joint use and enjoyment of all of the owners of all such apartment dwelling units.
(Emphasis added). Article XX, quoted by both parties is titled “MAINTENANCE AND REPAIR BY OWNERS” and provides:
*366 Every owner must keep and maintain his apartment dwelling unit, its equipment and appurtenances, in good repair, order, condition and must perform promptly all maintenance and repair work within his apartment dwelling unit, which, if omitted, would affect the condominium in its entirety or in a part belonging to other owners or would affect other condominiums subject to the foregoing Plan of Development, being expressly responsible for the damages and liability which its failure to do so may endanger. Notwithstanding anything contained in this Declaration, the owner of each apartment dwelling unit shall be liable and responsible for the maintenance, repair and replacement, as the case may be, of all windows and all exterior doors, including sliding glass doors and all air conditioning and heating equipment, stoves, refrigerators, fans and other appliances and equipment, including pipes, wiring, ducts, fixtures and/or their connections required to provide water, light power, air conditioning and heating, telephone, sewage and sanitary service which may now or hereafter be situated in his apartment dwelling unit. Such owner shall further be responsible and liable for maintenance, repair and replacement of any and all wall, ceiling and floor exterior surfaces, painting, decorating and furnishings and all other accessories which such owner may desire to place or maintain in his apartment dwelling unit. [S]uch owner shall be responsible for pest and termite control to the extent, and with a company or companies approved by the Association. Wherever the maintenance, repair and replacement of any items, for which the owner of an apartment dwelling unit is obligated to maintain, repair or replace at his own expense, is occasioned by any loss or damage which may be covered by any insurance maintained in force by the Association, the proceeds of the insurance received by the Association, or the Insurance Trust hereinafter designated, shall be used for the purpose of making such maintenance, repair or replacement as shall, by reason of the applicability of any deductibility provision of such insurance, exceed the amount of the insurance proceed applicable to such maintenance, repair or replacement. Any terrace or balcony attached to the apartment dwelling unit must be maintained by the owner and kept in a neat, trim condition. It is expressly understood that there are appurtenant to some apartment dwelling units air conditioning equipment which may be located upon the roofs appurtenant to the units. An easement is hereby reserved in favor of each such unit for the purpose of maintenance, repair or replacement of the said air conditioning equipment by the respective owners as required herein above.
(Emphasis added). Finally, Article XXI, titled “MAINTENANCE AND REPAIR OF COMMON ELEMENTS, COMMON AREAS AND RECREATIONAL AREAS BY ASSOCIATION,” provides:
The Association, at its expense, shall be responsible for the maintenance, repair and replacement of all of the common elements, common areas and recreational areas, except, as expressly provided above, more particularly in Article XX hereof, including but not limited to all pipes, conduits, wiring, plumbing and other facilities for the furnishings of utility services which are contained in the portions of the residence contributing to the support of the building or within interior boundary walls and all such facilities within an apartment dwelling unit, which *367 services other parts of the condominium other than said apartment dwelling unit, and as to the structure constituting the apartment dwelling units, the responsibility of the Association for maintenance, repair and replacement shall be limited to painting of all exterior walls as needed, painting and/or staining of exterior woodwork as needed. Roof maintenance which shall mean and is limited to cleaning of roof as needed, replacing roof tiles as needed and repairing cause of leaks and any damage to common elements arising therefrom. Should any incidental damage be caused to any apartment dwelling unit by virtue of any work which may be done or caused to be done by the Association in the maintenance, repair, or replacement of any common elements, the Association shall, at its expense, repair such incidental damage.
Cali argues that the trial court erred in finding that the pipes inside the interior boundary walls and which only brought water to the individual unit were not common elements.
“The standard of review applicable to summary judgment is de novo.” Curd Vill. Condo. Ass’n v. Maria, 14 So.3d 1175, 1177 (Fla. 4th DCA 2009) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Id.
The Declaration of Condominium strictly governs the respective duties and responsibilities as between an association and the unit owners. Woodside Vill. Condo. Ass’n v. Jahren, 806 So.2d 452, 456 (Fla.2002). “A declaration of condominium must be strictly construed.” Curd Vill., 14 So.3d at 1177 (citation omitted). “It is fundamental that in construing a contract, the intention of the parties must be determined from examination of the whole contract and not from the separate phrases or paragraphs.” Deeb v. Field, 311 So.2d 736, 737 (Fla. 3d DCA 1975).
Section 718.108(l)(d) does include in the definition of common elements “[t]he property and installations required for the furnishings of utilities and other services to more than one unit” but it also includes “[t]he condominium property which is not included within the units.” § 718.108(l)(a), Fla. Stat. (2009). The Declaration may also include other parts of the condominium property not named in the statute as common elements. § 718.108(2), Fla. Stat. (2009).
The Declaration’s definition of a dwelling unit excludes .“all improvements beneath the undecorated and/or unfinished inner surfaces of the perimeter walls and floors” and further excludes “all pipes ... and other facilities running through any interior wall or partition for the furnishing of utility services to apartment dwelling units and common elements.” The distinction between these two exclusions from a dwelling unit is those that are behind perimeter walls and those that are behind interior walls. A reading of this definition in full indicates that the apartment dwelling unit excludes everything outside the perimeter walls as well as the pipes within the interior walls which furnish service to multiple units. References in other provisions quoted above gives the Association easements to such pipes within the apartment dwelling unit which furnish utility services to other units.
The Declaration defines ' common elements as improvements and facilities of the condominium “other than the apartment dwelling units as the same are defined herein_” It also includes the easements through apartment dwelling units. *368 Reading these together, it appears that all the pipes behind the interior boundary (or perimeter) walls could be considered common elements, not just the ones feeding other units.
Next, when reading Article XX, the Association emphasizes parts that cause a misunderstanding as to what an owner is required to repair. The provision starts with requiring the owner to promptly perform repair work “within his apartment dwelling unit....” It then continues that “the owner of each apartment dwelling unit shall be liable and responsible for the ... repair ... of all ... appliances and equipment, including pipes ... and/or their connections required to provide water ... which may now or hereafter be situated in his apartment dwelling.” Thus, this refers to pipes in his apartment dwelling unit that he is responsible for.
The last section relied upon by the Association is Article XXI. The Association reads it as the Association being responsible for pipes within interior boundary walls and all such facilities within an apartment dwelling unit which services other parts of the condominium other than said apartment dwelling unit. However, when read as a whole, it states in pertinent part:
The Association, at its expense, shall be responsible for the ... repair ... of all of the common elements ... except, as expressly provided above, more particularly in Article XX hereof, including but not limited to all pipes ... and other facilities for the furnishings of utility services which are contained in the portions of the residence contributing to the support of the building or within interior boundary walls [which is outside the apartment dwelling unit] and all such facilities within an apartment dwelling unit [which is separate from facilities within interior boundary walls], which services other parts of the condominium other than said apartment dwelling unit....
(Emphasis added). Thus, the reference which limits repair of pipes which must service other units is to pipes that are in the inside of the dwelling unit, not outside it in an interior boundary wall. Reading the Declaration and the statutes as a whole creates a factual dispute as to whether all the pipes within the interior boundary or perimeter could be common elements. The resolution of this factual dispute can only be resolved by the trier of fact. Therefore, the trial court erred in granting partial final summary judgment. We reverse for further proceedings consistent with this opinion.

Reversed and Remanded for Further Proceedings Consistent With This Opinion.

GROSS, C.J., and CIKLIN, J., concur.

. The Declaration provides in Article XVII:
Whenever it is necessary to enter any apartment dwelling unit for the purpose of performing any maintenance, alteration or repair to any portion of the common element, the owner of each apartment dwelling unit *365 shall permit other owners or their representatives or the duly constituted and authorized agent of the Association, to enter such apartment dwelling unit, constituting an appurtenance to any such apartment dwelling unit, for such purposes, provided that such entry shall be made only at reasonable times and with reasonable advance notice.

. Chapter 718, Florida Statutes (2009).