[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16203
_____

D. C. Docket No. 8:11-cv-00783-MSS-AEP

ISLAND PARADISE
CONDOMINIUM ASSOCIATION, INC,
a Florida not-for-profit corporation,

Plaintiff-Counter Defendant-
Appellee Cross Appellant,

versus

JOSEPH J. MAURIO,

Defendant-Counter Claimant-
Appellant Cross Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(October 22, 2014)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

We have had the benefit of oral argument in this case, we have carefully considered the arguments of the parties at oral argument and in briefs, and we have carefully considered the record. We conclude that the judgment of the district court should be affirmed.

With respect to Defendant Maurio's counterclaim seeking damages on account of the Association's actions allegedly violating Florida Statutes, the condominium Declarations, and condominium bylaws, we conclude that the district court properly granted JMOL in favor of the Association. In his initial brief on appeal, Defendant Maurio concedes that "Florida courts define reasonable [in the context of the Business Judgment Rule] as not arbitrary, capricious or in bad faith." Blue Brief at 53. See Hollywood Towers Condo. Ass'n v. Hampton, 40 So.3d 784, 787 (Fla. Dist. Ct. App. 2010) (adopting the test set forth in Lamden v. La Jolla Shores Clubdominium Homeowners Ass'n, 980 P.2d 940, 942 (Cal. 1999), which rejects an objective reasonableness standard in favor of deference to the business decisions of the board of directors of a condominium association unless such decision is arbitrary, capricious, or in bad faith). We have carefully examined the evidence and conclude that no reasonable jury could find the actions of the Association were arbitrary, capricious, or in bad faith. The district court pointed

2

out strong evidence of the absence of arbitrary, capricious, or bad faith conduct in the fact that the decision makers for the Association would bear five-sixths of all construction costs or resulting damage.  Although there was evidence of a construction project gone awry, the actions of the Association reveal no more than negligence.  We also reject Maurio's argument that the Declarations required that the Association hire an architect or design professional.  Section 9.1.3, relied upon by Maurio, applies *only* to "alteration or improvements," not repairs.[1]

For the above reasons, the district court's grant of JMOL in favor of the Association on Maurio's counterclaim is affirmed.  We turn next to the Association's cross appeal challenging the district court's grant of JMOL in favor of Maurio on the Association's claim for unpaid special assessments.

It is undisputed that both Florida statute and the relevant bylaw require that a unit owner, Maurio here, be given notice of a meeting at which a special assessment will be considered.  Fla. Stat. §718.112(2).  It is also undisputed that the required notices were not given to Maurio.  The Association's arguments on appeal challenging the district court's decision are that Maurio's actions either waived the notice requirement or ratified the assessments notwithstanding the notice.  We agree with the district court that no reasonable jury could find either waiver or ratification

---

[1]    This is clear not only from the plain language of §9.1.3, but also from the fact that alterations or improvements require the written approval of all unit owners.  Such a requirement would make no sense in light of the Association's mandatory obligation to repair.

on the evidence in the record. See Curci Village Condo Ass'n v. Maria, 14 So. 3d 1175, 1177-78 (Fla. Dist. Ct. App. 2009) (strictly construing condominium declarations to require written permission for improvements by unit owner even when the president previously granted verbal permission for such improvements). The bylaws provided that the notice could be waived in writing. There was no such written waiver. And the emails and communications upon which the Association relies to support waiver fall far short. We also reject the Association's argument that those emails and communications in this record evidence a new contract between Maurio and the Association.

Accordingly, we also affirm the district court's grant of JMOL in favor of Maurio on the claim for unpaid special assessments.

AFFIRMED[2]

---

[2]     Other challenges to the judgment of the district court are rejected without need for further discussion.