DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COOL SPAZE, LLC,**
Appellant,

v.

**BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,**
Appellee.

No. 4D18-2446

[January 22, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502015CA001580.

Keith F. Backer, Ryan M. Aboud and Kenneth E. Zeilberger of Backer Aboud Poliakoff & Foelster, LLP, Boca Raton, for appellant.

Lilliana M. Farinas-Sabogal and Robert Rubin of Becker & Poliakoff, P.A., Miami, for appellee.

MAY, J.

A limited liability company appeals three trial court orders on various motions for partial summary judgment. It argues the trial court erred in denying its motion for partial summary judgment, and in granting the condominium association's second motion for partial summary judgment and another motion for partial summary judgment. All three orders derive from the trial court's interpretation of the association's governing documents. We agree with the limited liability company and reverse.

The association is governed by the Articles of Incorporation, By-Laws, and Declaration of Condominium (collectively, the "governing documents"). The Declaration of Condominium, Article 14 provides:

> Maintenance of the Community Interests. In order to maintain a community of congenial residents who are financially responsible and thus protect the value of the units, the transfer of units by any owner other than the [d]eveloper shall be subject to the provisions hereinafter set forth as long as the Condominium exists.

It shall be necessary for the [b]oard of [d]irectors of the [a]ssociation, or its duly authorized officers, agent[s] or committee to approve in writing all *leases, subleases, or other occupation of a Unit before lease, sublease or occupation* shall be valid and effective . . . .

. . .

The [b]oard of [d]irectors of the [a]ssociation shall be responsible for interpreting the provisions hereof and of any of the Exhibits attached hereto. Such interpretation shall be binding upon all parties unless wholly unreasonable. An opinion of counsel that any interpretation adopted by the [a]ssociation is not unreasonable shall conclusively establish the validity of such interpretation.

(Emphasis added).

The Articles of Incorporation provide:

All persons owning a vested present interest in fee title to any of the Units in [the association] . . . shall be members.
. . .

[I]n the event a unit is owned by a legal entity other than a natural person, the officer, director or other official so designated by such legal entity shall exercise its membership rights.

David Shefet ("purchaser") bought Unit 3W in the association's community. He then transferred the unit to his limited liability company Cool Spaze ("LLC") to lease the unit. He submitted two lease applications to the association under the LLC's name.

The association denied both applications because the purchaser conveyed the unit to the LLC without its approval, in violation of the governing documents. The association indicated it would not approve the application until the unit's title was transferred back to the purchaser in his individual capacity.

The LLC sued the association to enjoin it from screening and disapproving sales, transfers of title, and conveyances of units. It alleged the governing documents did not authorize the association to screen sales,

2

transfers, and unit conveyances, and requiring such approval was an unreasonable restraint on the alienation of property.

The LLC also sought declaratory relief alleging the association was "wrongfully requiring its approval of the sale or transfer of legal title to the units in the Condominium" and wrongfully requiring a lease addendum in connection with the unit's proposed lease. It sought a judgment declaring the parties' rights and supplementary relief.

In a third count, the LLC alleged slander of title and sought damages for the association's alleged false and slanderous statement against the LLC and the unit. It alleged that a realtor had been told by the association's property manager that the application couldn't be processed because there was a "problem with title to the unit."

The LLC moved for partial summary judgment seeking declaratory and injunctive relief against the association to prevent it from screening and disapproving sales, transfers, and unit conveyances in the community. It argued that although the Articles of Incorporation gave the association the right to approve conveyances "as provided in [the] Declaration of Condominium," the Declaration lacked a similar provision.

The trial court granted the LLC's motion for partial summary judgment in part and denied it in part.[1] The court ordered the LLC to comply with the association's requests concerning the transfer of property, which included obtaining the approval of the unit's transfer to the LLC.

The association then filed two motions for partial summary judgment on separate grounds seeking: 1) a judgment on the slander of title claim; and 2) a judgment on the pleadings. The association's second motion for partial summary judgment on slander argued the property manager's statement was not slanderous because it was true.[2] In other words, the association would not process the application unless the LLC followed the requirements for the unit's transfer. The court denied the LLC's motion

---

[1] The trial court's order denied the substantive portion of the LLC's motion. It granted the motion in part, however, by declaring that $200.00 for a lease processing fee was unreasonable, but that $100.00 was reasonable. For purposes of this opinion, we discuss the denial portion of the order, but affirm that part of the order that determined the correct amount of the lease processing fee. *See infra* note 3.

[2] The association moved for partial summary judgment on the LLC's slander claim. The trial court dismissed the motion without prejudice. The association then filed a second motion for partial summary judgment on the same grounds with additional arguments.

3

for partial summary judgment finding that the LLC was required to comply with the association's reasonable requests.

The association's motion for partial summary judgment on the pleadings argued that the LLC failed to state a justiciable controversy and lacked standing because it was not an approved unit owner, and therefore not an association member. The association argued the LLC incurred no damages as a result of the execution of the lease addendum.

The trial court granted both of the association's motions and entered the following:

- Order denying the LLC's motion for partial summary judgment;
- Order granting the association's second motion for partial summary judgment; and
- Order granting the association's motion for partial summary judgment on the LLC's claims arising from the lease addendum.

The LLC appeals all three orders.

We have de novo review of a trial court's ruling on a motion for summary judgment. *Pudlit 2 Joint Venture, LLP v. Westwood Gardens Homeowners Ass'n*, 169 So. 3d 145, 147 (Fla. 4th DCA 2015).

The LLC contends the trial court erred in denying its motion for partial summary judgment. It suggests the governing documents do not authorize the association to approve transfers of the unit. Even if it did, such a provision would constitute an impermissible restraint on alienation of property.[3]

The LLC first argues the trial court erred because it was required, but failed, to strictly construe the association's governing documents. Those documents do not authorize the association's approval of unit title transfers. The association responds that the governing documents should be read together. In doing so, the documents contain language which expressly authorize the association to approve unit transfers. And, the

---

[3] The LLC also argued the association was not authorized to charge an approval fee for the lease application. That argument is contradicted by the Declaration's express language, which provides: "Written application for such approval shall . . . be accompanied by a transfer fee as required by regulation of the Board; provided however, such fee shall not exceed one-hundred dollars ($100.00)."

governing documents do not grant the purchaser an unabridged right to transfer the unit.

An association's Declaration of Condominium, which strictly governs the respective duties and responsibilities between an association and the unit owners, must be strictly construed. *Cali v. Meadowbrook Lakes View Condo. "B", Inc.*, 59 So. 3d 363, 367 (Fla. 4th DCA 2011). In construing an association's declaration, "'[i]t is fundamental that . . . the intention of the parties . . . be determined from examination of the whole contract and not from the separate phrases or paragraphs.'" *Id.* (citation omitted).

The Declaration of Condominium, Articles 14 provides:

> Maintenance of the Community Interests. In order to maintain a community of congenial residents who are financially responsible and thus protect the value of the units, *the transfer of units by any owner other than the Developer shall be subject to the provisions hereinafter set forth* as long as the Condominium exists.
>
> It shall be necessary for the Board of Directors of the Association, or its duly authorized officers, agent[s] or committee *to approve in writing all leases, subleases, or other occupation of a Unit* before lease, sublease or occupation shall be valid and effective . . . .

(Emphasis added). By its own terms, the Declaration authorizes the association's approval of "all leases, subleases, or other occupation of a Unit before lease, sublease, or occupation . . . ." It does not use the term unit transfer, title transfer, or sale. Here, the association's governing documents simply do not authorize the association's approval of unit transfers.

The LLC argues that the Declaration fails to use language authorizing the association's approval of a unit transfer. In support, the LLC relies on *Webster v. Ocean Reef Cmty. Ass'n*, 994 So. 2d 367, 370 (Fla. 3d DCA 2008). We agree.

In *Webster*, the Third District held that an association's disapproval of two gift conveyances of a home were unauthorized by the association's declaration, which only authorized sales, purchases, and leases of property. *Id.* at 370. The court reasoned that the governing documents, when strictly construed, failed to contain language that authorized the association to approve gift conveyances of the property. *Id.* The

5

association's governing documents authorized the association to approve only sales, purchases, and leases of property. *Id.* Because the conveyance was by gift, the court reversed the summary judgment in favor of the association. *Id.*

We reach the same conclusion here. The association's governing documents authorized approval of all *leases, subleases, or other occupation of a unit*. It did not authorize the association's approval of unit transfers, title transfers, or sales.

The governing documents' failure to include more specific language allowed the purchaser to transfer the unit to the LLC. Because the trial court's decisions were based on an incorrect interpretation of the governing documents, we reverse all three orders and remand the case to the trial court for further proceedings consistent with this opinion.

*Reversed and Remanded.*

LEVINE, C.J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**